## ALABAMA MIDLAND RAILWAY CO. v. GUILFORD.

1. Where certain allegations in a plaintiff's petition were admitted in the original answer of the defendant, but subsequently the answer was amended by striking therefrom these admissions and denying the truth of the allegations, and on the trial the plaintiff tendered in evidence the admissions contained in the original answer, and the defendant introduced no evidence to explain or controvert them, a motion for a nonsuit on the ground that these allegations were not supported by the evidence was properly overruled.

2. In a common-law suit for damages against a railroad company, brought in this State, on account of injuries received in Alabama, the rules of the common law applicable to the case as interpreted by the courts of this State should be given in charge to the jury. It was error, in such a case, to charge that the degree of diligence required of a railroad company as a carrier of passengers is "the highest degree of care and diligence known to skilled persons engaged in that business."

3. It is the duty of a railroad company, in equipping its trains, to use such appliances as are up to the standard of those in general use and reasonably adapted to the purposes for which they were intended; but the law does not require that such appliances shall be of "the most approved pattern in use."

4. It is error requiring the grant of a new trial for the court, in a suit for damages growing out of the alleged negligence of the defendant, to charge the jury that certain acts or omissions of the defendant would be negligent, such acts or omissions not being negligence per se.

*Argued January 23, — Decided February 15, 1904.*

Action for damages. Before Judge Spence. Decatur superior court. August 17, 1903.

*D. H. Pope* and *T. S. Hawes,* for plaintiff in error.
*Toomer & Reynolds* and *W. M. Harrell,* contra.

CANDLER, J. The plaintiff below sued the railway company for damages on account of personal injuries, and was awarded a verdict for $5,000. The defendant moved for a new trial, on various grounds; its motion was overruled, and it excepted.

1. The plaintiff in his petition alleged, that, prior to the time his injuries were received, a part of the line of railroad now owned and operated by the defendant company had been owned by an Alabama corporation and the other part by a Georgia corporation, but that these two corporations had been merged and their property consolidated; and the suit was brought against the corporation as thus constituted. In its original answer the defendant admitted these allegations; but by an amendment it sought to "take back" this admission, and averred that it "is composed of

two separate independent legal entities, each dependent for its existence upon the separate and independent acts of incorporation by the several States of Georgia and Alabama." At the trial the plaintiff introduced in evidence a certified copy of a memorandum and agreement of merger and consolidation of the Alabama Midland Railway Company of Alabama and the Alabama Midland Railway Company of Georgia, "consolidating, uniting, and merging said companies as one, under the name of the 'Alabama Midland Railway Company' from and after the date of filing the same with the secretaries of State of Alabama and Georgia." This was accompanied by a certificate of the secretary of State of Georgia, showing that the memorandum of consolidation had been filed in his office. As to whether it was ever filed in the office of the secretary of State of Alabama the record is silent. The plaintiff also put in evidence the admission, in the defendant's original sworn answer, that his allegations on this subject were true. No evidence was introduced by the defendant to support the averments of its amended plea and contradict the evidence offered by the plaintiff; but at the conclusion of the plaintiff's evidence the defendant made a motion for a nonsuit, and the refusal of this motion is assigned as error. We do not deem it necessary to consider whether the showing that the memorandum of merger above referred to was filed in the office of the secretary of State of Georgia, in the absence of evidence that a similar memorandum was filed in the office of the secretary of State of Alabama, would be sufficient to establish the contention of the plaintiff that the two companies had been consolidated. The defendant, by its sworn plea, admitted the allegation of merger contained in the petition; and while, as was held when the case was here before (114 *Ga.* 627), it was not thereby estopped to amend by striking this admission and denying the truth of the allegation, the contents of the original plea were admissible in evidence as an admission in judicio, and, in the absence of some effort to contradict or explain that admission, this evidence is certainly sufficient to withstand a motion for nonsuit. As was said by the Chief Justice when the case was here before, the withdrawal by the defendant of its admissions of the truth of the plaintiff's allegations "would not have prevented the plaintiff from introducing them in evidence as showing prima facie what was admitted; but . . it would have given

the defendant an opportunity to explain and disprove them." The defendant introduced no evidence whatever to show that its original admissions were incorrect, and therefore they must, for the purposes of this investigation, be taken as true.   See, on this subject, *Lydia Pinkham Med. Co.* v. *Gibbs*, 108 *Ga.* 138.

2.   Complaint is also made, in the motion for a new trial, of the following charge of the court:   "The law requires of persons engaged in the carriage of passengers by railroad the highest degree of care and diligence known to skilled persons engaged in that business."   This charge follows almost literally a decision of the Supreme Court of Alabama, in which State the plaintiff's injuries were received.   The plaintiff's action was not brought upon any particular statute, but rests upon his common-law right to recover damages.   The common law as to the degree of diligence required of the defendant was therefore applicable to this case; and, as has been frequently ruled by this court, in determining what the common law on a given subject is, the decisions of the Georgia courts, rather than those of some other jurisdiction, must be followed.   Our own code section on the subject of extraordinary diligence as applied to railroads is merely declaratory and explanatory of the common law.   The Civil Code, § 2899, defines extraordinary diligence to be "that extreme care and caution which very prudent and thoughtful persons use in securing and preserving their own property;" and while this rule applies particularly to diligence in the preservation of property, it has always been recognized as extending with equal force to diligence to prevent injury to the person.   Under the uniform decisions of this court, the degree of care required of a carrier of passengers is somewhere between the comparative and superlative. A distinction is drawn between "very great" and "greatest." Thus, in *East Tenn. R. Co.* v. *Miller*, 95 *Ga.* 738, it was held error to charge that a railroad company is required to observe the utmost care and diligence for the safe carriage of passengers.   See also *Florida R. Co.* v. *Lucas*, 110 *Ga.* 123.   Taking the Georgia law, then, as applicable to this case, it follows that the rule of diligence laid down by the trial judge, viz., "the highest degree of care and diligence known to skilled persons engaged in that business," was far too sweeping, and placed upon the defendant company a burden greater than that imposed by the law.

3. Complaint is also made of the following charge : " You will then determine whether the evidence shows that the defendant company did have and was maintaining a good headlight on that night — one that was up to date — the most approved pattern in use up to that time.    If you find that they have shown that, then you would not be authorized to find a verdict for the plaintiff on that ground."    In its answer the defendant averred, in reply to the allegation of the petition that the headlight on the engine when the plaintiff's injuries were received was dim and otherwise defective, that on the occasion in question it "had a splendid headlight of the latest improved style."    In view of this averment of the plea, we are not prepared to hold that the charge complained of is error of such a character as to require the grant of a new trial, especially since the court elsewhere in the charge correctly instructed the jury on this subject, so that it is by no means likely that they were misled.    But the charge complained of was inaccurate, and, as the case is to be tried again, we call attention to it in order that it may not be repeated at the next trial. The defendant was required to use a headlight that was up to the standard of those in general use and well suited for the purposes for which it was intended ; and it was not necessary, in order to relieve it, that it should show that the headlight used on the occasion of the plaintiff's injuries was of " the most approved pattern in use up to that time."

4. The plaintiff's injuries were occasioned by the train on which he was riding running into a tree which had been blown across the track in a windstorm that took place some time prior to the passage of the train.    Whether the tree was on the defendant's right of way, and whether, previously to the time it was blown down, it was so visibly unsound as to make it incumbent on the railroad company, in the exercise of the diligence required of it by law, to remove the tree, were sharply contested questions. The court charged the jury :    " If you should find that although the tree in question stood outside of the right of way of the railroad track — just in the edge of it — just outside of it, — if you should find that it was an unsound tree and that there was evidence of its unsoundness that was or could have been visible to the employees of the company, and that it was in reach of the railroad track, and that it was a tree that any ordinarily prudent

man, in the exercise of ordinary care and skill, could have discovered was dangerous to passengers — liable to be blown down by an ordinary windstorm, — then I charge you that the company would be guilty of negligence in not removing such a tree as that, if the evidence shows that it was such a tree; and if you believe that that negligence contributed to the injury of the plaintiff, you should find in favor of the plaintiff." Clearly this was error requiring the grant of a new trial. It is never permissible for the trial judge to instruct the jury that given acts are negligence, unless the acts are such as to constitute negligence per se. This is so well settled by the decisions of this court that we deem it necessary to cite only one recent case on the subject, in which this principle of law is fully discussed and the authorities bearing thereon set out. See *Central R. Co.* v. *McKenney,* 116 *Ga.* 13, and cit.; s. c. 118 *Ga.* 535. The motion for a new trial contains numerous grounds, but only those which have been noticed in the foregoing require discussion here. The charge of the court, with the exceptions heretofore pointed out, was free from any material error; and any minor inaccuracies which it may have contained will, we are sure, in the light of what is here laid down, be remedied when the case is tried again.

*Judgment reversed. All the Justices concur, except Simmons,*· *C. J., absent.*