## 19790. CLIFT & GOODRICH INCORPORATED *v.* MINCEY MANUFACTURING COMPANY.

JENKINS, P. J. 1. Admissions of fact in the pleadings can always be taken advantage of by the opposite party, and can be used as evidence even though the pleadings should be stricken or withdrawn (*Alabama Midland Ry. Co.* v. *Guilford*, 119 *Ga.* 523, 46 S. E. 655; *Mims* v. *Jones*, 135 *Ga.* 541, 544, 69 S. E. 824; *Improved Fertilizer Co.* v. *Swift*, 15 *Ga. App.* 601, 609, 84 S. E. 132; *New Zealand Ins. Co.* v. *Brewer*, 29 *Ga. App.* 773, 116 S. E. 922); and it is the rule that a party to a suit will not even be allowed to disprove an admission made in his pleadings, without first withdrawing it from the record. *Florida Yellow Pine Co.* v. *Flint River Naval Stores Co.*, 140 *Ga.* 321 (2) (78 S. E. 900).

This rule, however, has application to admissions of fact, and is not applicable where the admission is merely the opinion on the part of the party making it as to the legal effect of the instrument sued on, since it is the rule that where the cause of action set forth by the petition is the right to recover on the contract set out therein, the fact that the plaintiff may have erroneously construed the contract sued on would not operate to effect a dismissal of the action. *McElmurray* v. *Blodgett,* 120 *Ga.* 9, 16 (47 S. E. 531); *Baldwin Fertilizer Co.* v. *Carmichael,* 116 *Ga.* 762, 764 (42 S. E. 1002). But where the action arises merely out of a contract or agreement, and the cause of action consists of mutual obligations arising in furtherance therewith, and the plaintiff, in bringing his action, asserts and urges upon the court a legal conclusion with reference to the contract, upon which conclusion his cause of action is based and on which it is entirely dependent, and the opposite party, without awaiting a ruling of the court, acquiesces in the proposition maintained by his adversary, and gives his case affirmative direction consistent with this asserted view, the action of the court in allowing this to be done affords no cause of exception to the party asserting the legal conclusion, whether the position so asserted and urged was correct or not. *Realty Company* v. *Ellis,* 4 *Ga. App.* 402 (61 S. E. 832); *Mehrtens* v. *Knight,* 29 *Ga. App.* 390 (115 S. E. 506). Accordingly, in the instant case the plaintiff, having by its petition grounded its suit for the return of the purchase-price of certain goods upon the failure of the defendant to deliver the goods, expressly alleging that the goods had been "bought" by the plaintiff from the defendant, and that upon the payment of the purchase-price "said merchandise became and was the property of petitioner," and the amendment to the petition, allowed without objection, not being in any wise inconsistent with the theory upon which the suit was originally grounded, the court did not err in holding and in treating the contract between the parties out of which the transaction arose as one for purchase and sale, and in refusing to permit the plaintiff to introduce testimony for the purpose of showing that it was the intention of the parties that the contract was to be considered as one of brokerage and not as one for purchase and sale.

2. Whether or not the second count in the defendant's amendment should have been stricken on demurrer, as setting up a new and distinct cause of action, is immaterial, since the court construed the contract as one for purchase and sale, and expressly limited any recovery on the counterclaim to that construction of the agreement, as set forth in the first count.

3. The verdict in favor of the defendant on its counterclaim was authorized by the evidence, and under the foregoing rulings the judgment can not be reversed for any of the reasons assigned.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 25, 1930.

ADHERED TO ON REHEARING, MARCH 1, 1930.

40

*B. P. Gaillard Jr., Slaton & Hopkins,* for plaintiff.
*Dean & Wright, Wheeler & Kenyon,* for defendant.

ON REHEARING.

JENKINS, P. J. The original position taken by counsel for plaintiff in error with reference to the phase of this case dealt with in the first division of the syllabus, as we understood and construed it, was that the plaintiff's petition did not, when properly construed, especially in the light of the amendment to the petition, indicate that the plaintiff had become the purchaser of the goods, the value of which was sued for. It was then urged in the brief of counsel for the plaintiff in error that the petition "does not unqualifiedly state that the plaintiff was purchaser under the contract, but distinctly states that the goods were, by the plaintiff, bought for and on behalf of Kyle & Gettys." In other words, as we have heretofore construed the contentions of the parties, there did not appear to be any question as to whether the plaintiff's original cause of action arose out of and under the contract set up by the defendant in its answer as exhibit A, but the contention of the plaintiff in error resolved itself into what construction was given to the contract by the petition as amended, and the legal effect resulting from such construction. In the motion for a rehearing, however, the point

is made, and, as we understand it, for the first time, "that the case sought to be made by the plaintiff in the court below was entirely separate, apart, and distinct from the written contract set up as exhibit A to the cross-action." While it is conceded in the movant's brief that the contract set up by the defendant as exhibit A was in effect between the parties at the time of the transaction described in the original suit, it is argued and contended on rehearing that the transaction was an "isolated, single, separate, and totally distinct transaction, not involving in any possible view of it the construction of the intent and meaning of contract exhibit A to the cross-action." While the movant still insists that the petition as amended does not set forth a transaction of purchase and sale, it being contended that Kyle & Gettys Company was the purchaser and Mincey Manufacturing Company the seller and that the agent had merely given a credit to the manufacturer, to the return of which he was entitled when the manufacturer refused to ship the goods, the force of the argument, as we see it, lies in the fact that even though the petition did set forth a transaction of purchase and sale, as we thought and still think that it does, if such were an isolated transaction, independent of the contract, it could not amount to an interpretation of the contract then in existence between the parties. Counsel for the respondent on the rehearing invoke the rule that "where pleadings do not make distinct and positive allegations, but are ambiguous or couched in alternative expressions, on demurrer they will be given the construction which is most unfavorable to the pleader" (*Baggett* v. *Edwards,* 126 *Ga.* 463, 55 S. E. 250; *Holbrook* v. *Norcross,* 121 *Ga.* 319, 48 S. E. 922), and they insist that although the plaintiff did not set forth the contract to which the petition makes reference, it has nevertheless shaped its suit by its petition and amendment so as to allege its effect, and that if the petition as amended does not relate to the contract, then it becomes meaningless and ineffective.

Movant urges that the evidence of the plaintiff's witness Brock, that "the suit we were filing here in Georgia was on an entirely different matter," supports its contention. This witness was produced for the purpose of identifying certain documentary evidence, produced by the plaintiff under notice, and later offered in evidence by the plaintiff, and related to the methods employed by the plaintiff in handling orders, stating that "the original orders are

destroyed one year after they are taken, and all the original orders were taken over three years ago. We consider those closed transactions, and the original orders were destroyed. The suit we were filing here in Georgia was on an entirely different matter. We have that here, and all the others were considered by us to be dead issue." This testimony, reasonably construed, could not be taken to mean that the witness meant to swear that the transaction sued on by the plaintiff was an entirely separate and distinct matter from the contract which existed between the parties, and that it did not arise thereunder, but on the contrary the evidence rather supports the idea that the particular transaction sued on occupied a different status on the plaintiff's records from the other transactions had under the contract, and involved in the counterclaim, only for the reason that the other transactions were regarded by the plaintiff as closed while this one was regarded as still open.

It will be recalled that in the original petition it was alleged that "on said date, March 10, 1922, petitioner *was selling the products of the said defendant company,* and when the plaintiff paid the said Mincey Manufacturing Company the said $360, the invoice price of the three cases of merchandise hereinbefore described, the said merchandise became and was the property of this petitioner." It will also be recalled that the contract set up by the defendant as exhibit A contained a provision for the payment of a 5% commission for selling and guaranteeing the accounts receivable, and provided for the keeping of mutual accounts between the parties and the method of liquidating the same, these provisions being as follows: "We are to render accounts current monthly or as required for shipments made during the preceding month, such accounts current to be rendered on the 15th of each and every month, and we are to receive a commission of 5% for all compensation for services for selling and for guaranteeing the accounts receivable, and we shall have the right to deduct this commission from the accounts current. The equity as shown by the account current to be paid by us to you as you may time to time call for same." With these provisions of the contract in mind, the allegations of the plaintiff's amendment in which it was set forth that upon the charging of the three cases of merchandise referred to, in the order set out in the petition, to Kyle & Gettys Company, on March 10, 1922, the plaintiff gave to the defendant a credit of

$342, which credit was never discharged by payment on the part of the defendant to the plaintiff, and that upon the failure and refusal of the defendant to ship out the three cases of goods in the petition described, the defendant became indebted to the plaintiff for money had and received, appear not only to conform to the procedure provided for by the contract, but must necessarily have related to the agreement already referred to and by which and under which the parties were operating, since not only was the allegation with reference to the giving of the credit upon the charging of the account to Kyle & Gettys Company in exact conformity with the procedure outlined by the contract, but the amendment reduced the amount sued for in exact accordance with the provision of the contract relating to the commission of 5% to which the plaintiff would be entitled under its terms. The plaintiff in its petition having made reference to the existence of the relationship by which the plaintiff was selling the products of the defendant company at the time of the transaction described in the petition, and having made reference to the accounts current between the parties, and having adjusted the petition so as to conform to the commission to which it would be entitled under the terms of the agreement, and it appearing and being conceded that the agreement was in effect at the time of the transaction described in the suit, and no other agreement having been in any wise set forth by the pleadings, or in any wise indicated by the proof, it would seem that this agreement must necessarily be taken to have been the one to which reference was made and under which and out of which the transaction arose. It is true that if the contract, in and of itself, and without reference to any interpretation placed thereon by the plaintiff, should be construed as one creating the relation of an agent guaranteeing the accounts sold for his principal, and not as a contract for purchase and sale, some of the allegations and implications of the petition, and especially of the amendment thereto, might be more in harmony with such a construction, but the theory on which the case was decided and the syllabus written was that the parties had in terms construed the contract for themselves, and we are still convinced that the plaintiff, by the terms of its original petition, unequivocally indicated that the transaction constituting its cause of action grew out of a previous contract which fixed its status as that of purchase and sale. Not only was it alleged that the plain-

tiff "bought" the goods described from the defendant, but the amount sued for was represented as constituting "the purchase-price of the said described goods," and it was alleged that upon payment of said purchase-price, "said merchandise became and was the property of this petitioner." Accordingly, whatever might be the proper construction of the somewhat ambiguous original agreement, we think both the plaintiff and the defendant have construed it for themselves, and, under the principle of law laid down in the first division of the syllabus, we do not think that the plaintiff could have been permitted to contradict its own construction of the contract for the purpose of combating the cross-action, while still maintaining its own action specifically based upon the construction thus sought to be attacked.

*Judgment adhered to on rehearing.*

### ON SECOND MOTION FOR REHEARING.

Counsel for plaintiff in error filed a second motion for rehearing, in response to the opinion of the court rendered on their first motion for rehearing. In this second motion for rehearing they insist that the Kyle & Gettys transaction could not have related to the contract set forth by the defendant as exhibit A, for the reason that the preliminary advance was neither 75% nor 85%, as provided for by the contract, but represented the entire purchase price less 5% commission, and that, therefore, the transaction must have been separate and independent of the contract. Believing, as we do, contrary to the contentions of the movant, that the original petition was based clearly and unequivocally upon a transaction of purchase of goods by the plaintiff, it being alleged that the goods were "bought" by the petitioner, and that upon the payment of the "purchase price" by it "said merchandise became and was the property of petitioner," the question which gave rise to doubt and difficulty to this court on the original motion for rehearing was whether or not the record must be construed so as to indicate that the Kyle & Gettys transaction arose under and out of the contract then in existence between the parties to this litigation. While it is true that the advance payment was greater than that required by the terms of the contract, it also appears to be true that it was not and could not have been an ordinary independent transaction of purchase and sale, for the reason that the commission provided by the contract, to which the plaintiff would be entitled, was claimed

and deducted by the plaintiff in this particular transaction. Counsel call attention to the fact that the court speaks of this 5% as a "commission," which word, they insist, would be inappropriate to a contract of purchase and sale. As stated in the opinion on the former motion, it is true that if the somewhat ambiguous contract, in and of itself, and without reference to the interpretation placed thereon by the plaintiff, should be construed as one creating the relation of an agent guaranteeing the accounts sold for his principal, and not as a contract for purchase and sale, some of the allegations and implications of the petition, and especially of the amendment, might be more in keeping with such a construction, but the theory on which the case was decided and the original syllabus written was that the parties had in terms construed the contract out of which the Kyle & Gettys transaction arose as being one providing for future purchases and sales. It is true, as urged by movant, that the contract set out by the defendant as exhibit A was not set forth by the plaintiff in its petition, although, as we construe the petition, certain references were made thereto. As we understand and construed the plaintiff's action it was not an action on the contract, but was an action for money paid in advance as the purchase-price of goods, upon a transaction which arose out of and under the contract. In such a case, the transaction giving rise to a cause of action in and of itself, it was not necessary to set forth the contract out of and under which it arose, although on its appearing that the transaction did arise under and out of the contract, the rights of the parties would be governed thereby (*International Harvester Co.* v. *Morgan,* 19 *Ga. App.* 716, 92 S. E. 35), and the construction placed upon it by the plaintiff by the nature and character of its action, and acquiesced in by the defendant in its counterclaim, must be given effect, since the plaintiff could not be permitted to contradict its own construction of the contract for the purpose of combating the cross-action, while still maintaining its own action specifically based upon the construction thus sought to be attacked.                    *Rehearing denied.*