## SMICK et al. v. COMMONWEALTH et al.

Court of Appeals of Kentucky.

May 14, 1954.

W. A. Armstrong, Louisville, for appellants.

William E. Berry, Louisville, for appellees.

CULLEN, Commissioner.

In condemnation proceedings by the State Highway Department and the City of Louisville, in the county court of Jefferson County, to condemn for an "inner belt" highway certain land owned by James Smick and wife, the commissioners awarded damages in the amount of $4,750. On appeal to the circuit court by the Smicks, a jury reduced the award to $3,500, consisting of $2,300 for the land and improvements taken, and $1,200 for damages to

the remaining land. The Smicks have appealed, contending that the damages are inadequate.

The Smicks' land consisted of a lot in a residential area of the City of Louisville, extending 100 feet north and south, and 200 feet east and west. On the south half of the lot is a duplex apartment house, of good quality. On the north half of the lot were a two-car frame garage, and a number of large shade trees, shrubs and flower beds. The north half of the lot was condemned, taking the garage and most of the shade trees, and leaving a 12-foot yard space on the north side of the home.

The main contention of the Smicks is that, by evidence and instructions, the jury should have been directed, in fixing the damages to the remaining land, to take into consideration the cost of building a new garage to replace the one taken by condemnation. They rely on the cases, such as Louisville, St. L. & T. R. Co. v. Barrett, 91 Ky. 487, 16 S.W. 278, and Big Sandy Ry. Co. v. Dils, 120 Ky. 563, 87 S.W. 310, in which the court said that the cost of improvements to the remaining land, *made necessary* by the taking, is a part of the direct damage to the remaining land for which compensation should be awarded. The Smicks argue that, since their garage was taken by the condemnation, and it is necessary that they build a new one, the cost of building a new one should be considered as part of the damage to their remaining land.

The fallacy in the argument is that a garage is not an improvement *made necessary* by the condemnation, within the meaning of the Barrett and Dils cases. The kind of improvement contemplated by those cases is one which would not have been necessary *at all* in the absence of condemnation. For example, prior to the condemnation of a strip of land through the middle of a farmer's field, it would not be necessary for him to have fencing through the middle of his field. But following the condemnation of the strip, for a railroad or highway, it would be necessary to erect fencing. The *particular character* of improvement, namely, a fence, was not necessary before the condemnation. The same would be true of a retaining wall, or steps, or a similar improvement made necessary solely by the condemnation.

■ Before the condemnation in the case before us, the Smicks had a garage on their land, which we will assume they considered to be a necessity to the enjoyment of their property. After the condemnation took their existing garage, they considered it necessary to build a new one. The necessity for *having* a garage was the same before as it was after the condemnation; the necessity was not *created* by the condemnation.

To follow the Smicks' argument to its logical conclusion, if a farmer's dwelling was taken by condemnation, he would be entitled to recover, as part of the damage to his remaining land, the cost of building a new dwelling. This is patently absurd.

■ There is some contention that the damages for the land actually taken were inadequate. It appears that the jury allowed $30 per front foot for the land taken, plus $800 for the old garage. There was competent evidence fixing these sums as the fair value. Although the land taken was desirable property, and was well kept, and although the award was not liberal, we cannot say that the award is inadequate to the extent of indicating passion or prejudice on the part of the jury.

■ It is argued that the award of $1,200 for damages to the remaining land is inadequate because it did not take into consideration the fact that Sixth Street, on which the Smicks' house faces, will be closed at the north line of their remaining property, and the Smicks will not have access to the new inner belt highway nor will they be able to travel north, as they formerly could, on Sixth Street. As we view it, the closing of Sixth Street is a matter entirely separate and apart from the condemnation proceedings. The Smicks cannot complain of lack of access to the new inner belt highway because the highway does not replace any street to

which they formerly had access. Furthermore, there was no attempt made to show any specific damages resulting from these factors.

The judgment is affirmed.