22575. NOXON RUG MILLS, INC. v. SMITH.
22576. THOMASON et al. v. SMITH.

QUILLIAN, Justice. These cases are here on certiorari to the Court of Appeals, 109 Ga. App. 724 (137 SE2d 322). Noxon

Rug Mills, Inc. (hereinafter referred to as Noxon), brought a suit for damages against Edgar L. Smith and David L. Thomason and Thomas F. Hackney d/b/a Thomason & Hackney (hereinafter referred to as Smith and Thomason respectively). For a complete statement of the pleadings and evidence see the Court of Appeals opinion, supra. At the conclusion of the trial, the jury returned a verdict in favor of Noxon against Smith (thus also finding for Thomason). Smith moved for a judgment notwithstanding the verdict, with which we are not here concerned, and for a new trial which was later amended by adding three special grounds. The trial judge overruled the motion for new trial and the Court of Appeals reversed, based on special ground 3. The correctness of this ruling is the sole question presented to this court for review.

The trial judge after instructing the jury that Smith would not be responsible for the torts of Thomason, if acting as an independent contractor, charged three exceptions to this rule (contained in *Code* § 105-502) which he considered to be applicable, the pertinent exception being: "If according to previous knowledge and experience, the work to be done is in its nature dangerous to others, however carefully performed . . ." Then, in response to a written request to charge made by Smith, the trial judge charged that if the defendant Thomason were an independent contractor the defendant Smith could not be liable for the negligence of the defendant Thomason, "unless, according to previous knowledge and experience of Smith, the work done by the independent contractor was in itself dangerous to others no matter how carefully performed. . ." The third special ground complained that the charge was "erroneous, harmful and injurious to him [the defendant Smith] because there is no evidence or pleadings which authorize the jury to find: (a) That according to his previous knowledge and experience, the work to be done is in its nature dangerous to others, however carefully performed. . ." In passing on this ground, the Court of Appeals ruled: "the evidence did not support the charge which authorized the jury to find that the work done under the contract between the defendant Smith and the partnership defendant was of such a nature as to be dangerous to others however carefully performed. Under the decision of the Supreme Court in *Louisville &c. R. Co. v. Hughes,* 143 Ga. 206

(1c) (84 SE 451), the charge on an inapplicable exception to the general rule laid down in *Code* § 105-501 . . . is error."
*Held:*

While recognizing the rule that it is ordinarily error for a trial judge to give in charge to the jury a principle of law that has no application to any of the questions and issues raised by the pleadings and evidence, *Futch v. Jarrard,* 203 Ga. 47, 51, (45 SE2d 420), *Haslerig v. Watson,* 205 Ga. 668 (54 SE2d 413), we must also give effect to the principle that where a movant has requested the trial court to give a certain charge, and it is given, whether such charge is harmful to the movant or not, he can not complain. *Coleman v. State,* 141 Ga. 737 (4) (82 SE 227); *Meyers v. State,* 169 Ga. 468, 479 (151 SE 34). Moreover, "[i]t has been held by this court that a party can not complain that the court gave a certain charge to the jury, when he himself requested that a similar instruction be given, although the request was refused." *Smith v. State,* 179 Ga. 791, 797 (177 SE 711); *Conant v. Jones,* 120 Ga. 568 (9) (48 SE 234); *Flemister v. Central Ga. Power Co.,* 140 Ga. 511 (11) (79 SE 148); *Smith v. State,* 202 Ga. 851, 865 (45 SE2d 267); *Columbus Mfg. Co. v. Gray,* 9 Ga. App. 738, 741 (72 SE 273); *Sarman v. Seaboard Air-Line R. Co.,* 33 Ga. App. 315, 321 (125 SE 891). In the instant case the movant's request to charge, duly given by the trial judge, contained the precise principle of law which he now contends was inapplicable to the evidence. Under such circumstances, the trial judge correctly overruled the third special ground and the Court of Appeals erred in reversing him.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1964—DECIDED OCTOBER 8, 1964.

*Pittman & Kinney, Mitchell & Mitchell,* for plaintiffs in error.
*McCamy, Minor, Vining & Phillips,* contra.