41051. STATE HIGHWAY DEPARTMENT v. SMITH et al.
41052. STATE HIGHWAY DEPARTMENT v. BOWEN et al.

FRANKUM, Judge. ■ "The right to open is important. It enables the party to give direction to the case, very often to

choose the ground on which the battle shall be fought. And the right to conclude is more important still. Even in fair and legitimate argument, the party concluding has the advantage of knowing precisely the line of his opponent, and therefore of directing his attention to it, and arraying everything in the case, that fairly illustrates and sustains his view of it." *Buchanan v. McDonald,* 40 Ga. 286, 288. The denial of the right to open and conclude the argument to the jury to the party entitled thereto is cause for a new trial. *Chapman v. Atlanta & West Point R.,* 74 Ga. 547; *Hart v. State,* 88 Ga. App. 334 (2) (76 SE2d 561).

■ A prima facie case is made by the party upon whom the burden of proof rests by the introduction of evidence sufficient to authorize the jury to render a verdict in his favor, if no other evidence be introduced, or if evidence to the contrary be disregarded. *Spivey v. Spivey,* 202 Ga. 644, 649 (44 SE2d 224); Black's Law Dictionary (4th Ed.) 1353. See also *McKemie v. McKemie,* 76 Ga. App. 212 (45 SE2d 456), and *Bank of America &c. Asso. v. Reserve Life Ins. Co.,* 90 Ga. App. 332 (8) (83 SE2d 66).

■ Ordinarily, the right to open and conclude the argument belongs to the plaintiff, and in the usual case the defendant is not entitled to the opening and conclusion unless he, by admissions contained in his answer, admits a prima facie case for the plaintiff. *Dorough v. Johnson,* 108 Ga. 812 (1) (34 SE 168); *DuBignon v. Wright,* 122 Ga. 263 (50 SE 65). Where the party upon whom the burden of proof does not rest in the first instance undertakes to admit a prima facie case in favor of the other party for the purpose of obtaining the right to open and conclude the argument to the jury, he must admit facts sufficient to satisfy the requirements of a prima facie case, as above defined, in order to obtain such right.

■ In condemnation cases, whether the proceeding be under the provisions of *Code Ch.* 36-3 through 36-6, or under the "special master" law (*Code Ann. Ch.* 36-6A), the sole question for the consideration of the jury, upon an appeal from an award of the assessors or from an award of a special master, is the amount of compensation to be paid to the condemnee for the property taken under the condemnation proceeding and the amount of damages to the remaining property of the condemnee, if any. *Atlantic &c. R. Co. v. Penny,* 119 Ga. 479 (2) (46 SE 665); *Harrold v. Central of Ga. R. Co.,* 144 Ga.

199 (3) (86 SE 552); *Anthony v. State Hwy. Dept.,* 215 Ga. 853 (2) (113 SE2d 768); *Johnson v. Fulton County,* 103 Ga. App. 873, 880 (2) (121 SE2d 54). The burden of proof to show the value of the land taken and the consequential damages to the remaining property, if any, is on the condemnor. *Georgia Power Co. v. McCrea,* 46 Ga. App. 279 (2) (167 SE 542); *State Hwy. Bd. v. Shierling,* 51 Ga. App. 935, 936 (3) (181 SE 885); *Andrus v. State Hwy. Dept.,* 93 Ga. App. 827 (93 SE2d 174); *Georgia Power Co. v. Smith,* 94 Ga. App. 166, 167 (3) (94 SE2d 48); *Georgia Power Co. v. Brooks,* 207 Ga. 406 (4) (62 SE2d 183).

■ When each case sub judice was before the superior court for trial on appeal from the award of the special master in a condemnation proceeding brought under the provisions of *Code Ann. Ch.* 36-6A, there was not, at the beginning of the trial of either case, anything before the court upon which a prima facie case could be admitted. The motion in each case filed by the condemnees in an effort to admit a prima facie case in the condemnor for the avowed purpose of obtaining for their counsel the right to open and conclude the argument to the jury was insufficient to authorize the court to grant such right. It follows that the trial court erred, as complained of in the first special ground of the motion for a new trial in each case, in permitting the condemnees, over objection of the condemnor, to assume the burden of proof, to put in their evidence out of the usual order, and in permitting counsel for the condemnees in each case to open and conclude the argument to the jury.

■ The second special ground of the motion for a new trial in each case complains of an excerpt from the charge of the court on the ground that it was confusing and misleading to the jury. While the charge in one case varies in its language from the other, both are substantially the same in their purport and intent. In each case the court instructed the jury, in effect, that the defendant had admitted a prima facie case, and that the burden of proof was on the defendant to prove the value of the land taken by a preponderance of the evidence. The court then defined "preponderance of the evidence," and finally instructed the jury that the condemnor must establish its right to a verdict against the defendants or condemnees by that superior weight of the evidence upon the issues involved, sufficient to incline a reasonable and impartial mind to the side of the issue contended for by the condemnor, rather

than to the side of the issue as contended for by the condemnees, "or the reverse also applies." We think this charge was particularly confusing and misleading to the jury as complained of by the movant, because, in a case of this nature the verdict is never for the condemnor, but is always for the condemnee in the amount found by the jury to be the value of the land taken plus the consequential damages, if any. The charges here complained of were erroneous, and the trial court erred in overruling the second special ground of the motion for a new trial in each case.

*Judgments reversed. Bell, P. J., and Hall, J., concur.*

DECIDED MARCH 10, 1965.

*Eugene Cook, Attorney General, Richard L. Chambers, James H. Wood, Assistant Attorneys General, Roy Mills, Jr., Sam Whitmire, for plaintiff in error.*

*Kennedy, Kennedy & Seay, Harvey J. Kennedy, contra.*