41544. STATE HIGHWAY DEPARTMENT v. FORD et al.

PANNELL, Judge. 1. In a condemnation case wherein the State Highway Department was condemning a tract of land for use

as a highway, the court gave the following charge: "I charge you, gentlemen, that there has been submitted to you evidence as to the present plans of the State of Georgia, as to the use to be made of the property condemned. I charge you in this connection that the State is bound by the boundaries of the land acquired by it and by the location of the limit of access lines as those that are disclosed in the pleadings. But I charge you further that the State is not bound now, or in the future, to follow the plans presently in existence as to the use to be made of the property condemned, but that these plans may be changed at any time so long as the land condemned is used for public road purposes and the construction of the road or roads for which it is used is done in a prudent and proper manner." This charge was not subject to the exception that it was confusing and misleading to the jury, in that from said charge, the jury could reach a conclusion that the condemnor could, by changing its plans, acquire additional property from the condemnee without having to pay just and adequate compensation therefor; nor was said charge unsound as an abstract principle of law.

2. Where land is condemned for use as a new limited access highway the condemnee is not entitled to damages, actual or consequential, for lack of access to said new highway by reason of any rights of easement for ingress and egress to and from said highway. See § 2, Act of 1955, pp. 559, 560 (*Code Ann.* § 95-1701a) which provides that there shall be no right of ingress and egress to and from a limited access highway "by reason of the fact that their property abuts upon such limited access highway or for any other reason." See also, 3 Nichols, Eminent Domain, 3rd Ed., § 10.2211 (2); Schnider v. State, 38 Cal.2d 439 (241 P2d 1); People v. Thomas, 108 Cal.App.2d 832 (239 P2d 914); State Highway Commission v. Burk, 200 Ore. 211 (265 P2d 783); State v. State Road Commission, 147 W. Va. 430 (128 SE2d 471); Riddle v. State Highway Commission, 184 Kan. 603 (339 P2d 301). The lack of access, where there was no previous right of access, may constitute a lack of consequential benefit usually incident to the construction of a highway to which an abutting owner may have access, but this does not mean that a lack of a consequential benefit may be converted into consequential damages.

3. Where a highway or roadway to which the condemnee has a

right of access is condemned as part of a limited access highway the condemnor must necessarily pay for the taking of the right of access. See *Dougherty County v. Hornsby,* 213 Ga. 114 (97 SE2d 300); *State Highway Board v. Baxter,* 167 Ga. 124 (1, 2) (144 SE 796); *Barham v. Grant,* 185 Ga. 601 (196 SE 43); *Howell v. Board of Commrs. &c. of Quitman,* 169 Ga. 74 (149 SE 779).

4. Where, as in the present case, both the situations were involved, the charge of the court, "that the condemnee is entitled to compensation for the right of access from the property retained by him to and from the limited access road acquired by the condemnor which easement or right of access has been taken from the condemnee in this case," without restricting the effect of this charge to the latter instance, was error. For this reason, the overruling of the motion for new trial was error.

*Judgment reversed.   Nichols, P. J., and Eberhardt, J., concur.*

ARGUED SEPTEMBER 10, 1965—DECIDED SEPTEMBER 16, 1965.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Horace E. Campbell, Jr., Deputy Assistant Attorney General, William L. Preston,* for plaintiff in error.

*D. M. Pollock,* contra.

