41850.   LUMPKIN v. STATE HIGHWAY DEPARTMENT.

ARGUED MARCH 8, 1966—DECIDED JULY 6, 1966—
REHEARING DENIED JULY 22, 1966—

*Erwin, Birchmore & Epting, Eugene A. Epting,* for appellant.
*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Horace E. Campbell, Jr., Deputy Assistant Attorney General, Edwin Fortson,* for appellee.

EBERHARDT, Judge.   A new trial was granted in this case because of the inclusion in the charge of an instruction to the jury that compensation should be awarded for the condemnee's loss of access rights to the proposed limited access highway. Grant of the new trial was squarely upon the authority of *State Hwy. Dept. v. Ford,* 112 Ga. App. 270 (144 SE2d 924).

Pretermitting the matter of whether the condemnee has access rights that must be condemned in the taking of his land for a limited access highway (see *Code Ann.* § 95-1704a), the charge as given was authorized by the allegations of condemnor's petition.   While it is error to charge upon an issue made by the

pleadings but unsupported by the evidence (*Western & A. R. Co. v. Branan*, 123 Ga. 692 (51 SE 650)), only the opposite party can urge it as error, for invited error is harmless as to him who invites it. *Noxon Rug Mills v. Smith*, 220 Ga. 291, 293 (138 SE2d 569). The allegation that it sought to condemn access rights was an invitation by the condemnor to the court to include that matter in the charge.

It is immaterial that the petition for condemnation is brought by the State or its agency, for "A State is bound by her judicial pleadings and admissions, the same as private persons, and is entitled to no greater right or immunity as a litigant than they are. The doctrine of estoppel applies [in this respect] to the State just as it does to individuals." 1 Herman, Law of Estoppel, § 197, cited with approval in *Central Bank &c. Corp. v. State*, 139 Ga. 54, 57 (76 SE 587).

A lack of evidence as to the access rights is a matter about which the condemnor cannot complain, for it made the allegation and had the burden of proof. *State Highway Dept. v. Smith*, 111 Ga. App. 292 (4) (141 SE2d 590).

Consequently, the grant of a new trial was error.

*Judgment reversed. Felton, C. J., Bell, P. J., Hall and Deen, JJ., concur. Nichols, P. J., and Frankum, J., concur specially. Jordan and Pannell, JJ., dissent.*

NICHOLS, Presiding Judge, concurring specially. While I agree that the judgment of the trial court must be reversed and that generally the appellate courts will not overrule prior decisions when the case may be otherwise correctly decided, yet where as in a case like the one sub judice there is a point of law, which will be at issue in many cases before the trial courts, then the question of whether prior decisions should be overruled ought to be squarely faced.

Headnote 2 of the decision in *State Highway Dept. v. Ford*, 112 Ga. App. 270, supra, holds that under § 2 of the Act of 1955 (Ga. L. 1955 pp. 559, 560; *Code Ann.* § 95-1701a), no right of ingress and egress to "limited access" highways results from the ownership of property abutting such highways, and therefore when property is condemned for a "limited access" highway the owner of property, a part of which is condemned for such high-

way, cannot recover for the lack of ingress and egress because such right never existed.

In view of the recent decision of the Supreme Court in *Bowers v. Fulton County*, 221 Ga. 731 (146 SE2d 884), and after a review of older decisions of the Supreme Court, in the light of such opinion, I am now convinced that the decision in *State Highway Dept. v. Ford*, supra, which was followed in *State Highway Dept. v. Geehr*, 112 Ga. App. 664 (145 SE2d 736), is in conflict with the Supreme Court decisions and should be overruled.

In the *Bowers* case, supra, it was held that the owner of property being condemned for public purposes is entitled to just and adequate compensation, which is "inclusive of damage to every species of property, real and personal, corporeal and incorporeal." Such decision also quoted the following language from *Woodside v. City of Atlanta*, 214 Ga. 75, 83 (103 SE2d 108), "The term 'property' is a very comprehensive one, and is used not only to signify things real and personal owned, but to designate the right of ownership and that which is subject to be owned and enjoyed. *Wayne v. Hartridge*, 147 Ga. 127, 132 (92 SE 937). The term [property] comprehends not only the thing possessed, but also, in strict legal parlance, means the rights of the owner in relation to land or a thing; the right of a person to possess, use, enjoy and dispose of it, and the corresponding right to exclude others from the use. 18 Am. Jur. 787, § 156."

In *State Highway Board v. Baxter*, 167 Ga. 124 (1) (144 SE 796), the Supreme Court in holding that the owner of property abutting a public road has a right of ingress and egress from such public roadway said: "Owners of land abutting upon a highway have the right to use and enjoy the highway in common with other members of the public; and in addition they have an easement of access to their land abutting upon the highway, arising from the ownership of such land contiguous to the highway, which easement of access does not belong to the public generally, and which exists regardless of whether the fee of the highway is in said owners or not." In the corresponding division of the opinion it was held: "This easement of access is a property right which cannot be damaged or taken from such owner without due compensation." And in *Hard v. Housing*

*Auth. of Atlanta,* 219 Ga. 74 (132 SE2d 25), the Supreme Court laid at rest the contention that a property owner is not entitled to be paid for the enhancement in value of his property resulting from the announced use of the property by the condemning Authority.

The Act of 1955 (Ga. L. 1955, p. 559 et seq.; *Code Ann. Ch.* 95-17a) provides that property may be condemned for "limited access" highways but makes no reference to the determination of just and adequate compensation for the property taken or damaged for such highways. Nor indeed could such an Act provide a measure of compensation contrary to the Constitution although it could prescribe the "method of determining the measure of compensation." See *Bowers v. Fulton County,* 221 Ga. 731, supra, citing *Oliver v. Union Point & W. P. R. Co.,* 83 Ga. 257 (2) (9 SE 1086).

It was expressly held in the case of *State Hwy. Board v. Baxter,* 167 Ga. 124, 134, supra: "The legislature cannot bestow upon one of its boards the right to take or damage private property for public use without just and adequate compensation. We have seen that the right of the owner of land abutting upon a public highway to an easement of access is a property right; and such right is protected under the Constitution of this State." The right of access accrues simultaneously with the taking, and if the right of access is also condemned, just and adequate compensation therefor must be paid.

Accordingly, the holding in the second division of *State Highway Dept. v. Ford,* 112 Ga. App. 270, supra, and followed in *State Highway Dept. v. Geehr,* 112 Ga. App. 664, supra, should be overruled and the judgment of the trial court granting the condemnor a new trial based on such decision reversed.

I am authorized to state that Judge Frankum concurs in this special concurrence.

PANNELL, Judge, dissenting. The State Highway Department filed a petition to condemn described property of Mrs. Quinton Lumpkin for highway purposes. Three tracts were being condemned. Two tracts were condemned for the purpose of widening an existing road to be used as an access road to the new limited access highway, and the other upon which to construct

the new limited access highway. The petition also alleged that the condemnor "seeks to acquire condemnation in any and all rights of access in, to and upon the right of way herein described except as permitted or allowed by the State Highway Department of Georgia, as authorized by Ga. L. 1955, p. 559, et seq." On the trial of the case, the charge of the trial judge authorized a recovery for the taking of the "right of access" as disclosed by the evidence. After verdict, the condemnor filed a motion for new trial based on the usual general grounds and two special grounds which complained of excerpts from the charge which permitted the jury to award damages for the taking of a "right of access" to the new "limited access" road, and relying upon the decisions of this court in the case of *State Highway Dept. v. Ford*, 112 Ga. App. 270 (2), supra, and *State Highway Dept. v. Geehr*, 112 Ga. App. 664, supra, the trial court granted a new trial on the two special grounds of the motion for new trial only. The condemnee appealed from this ruling and in this court moves to overrule the decisions above cited.

1. In view of the fact that I disagree with the conclusions reached by the majority as shown by my views expressed in Division 2 of this dissent, it becomes necessary to express also my views on the motion to overrule the two cases above mentioned.

This motion to overrule is apparently based on the theory that the owner of property has an inchoate right for an easement of access to a highway before it is even planned, contracted for or laid and constructed, relying upon *State Hwy. Board v. Baxter*, 167 Ga. 124 (144 SE 796), which states in Headnote 1 that, "Owners of land abutting upon a highway have the right to use and enjoy the highway in common with other members of the public; and in addition they have an easement of access to their land abutting upon the highway, arising from the ownership of such land contiguous to the highway, which easement of access does not belong to the public generally, and which exists regardless of whether the fee of the highway is in said owners or not," and, in Headnote 2, that "This easement of access is a property right, of which the landowner cannot be deprived upon the ground that the safety of the public traveling upon the highway

may be endangered by the exercise of this easement by the abutting landowner, without just and adequate compensation being first paid to the owner. Under its power and discretion in the location, construction, and maintenance of state-aid roads, the State Highway Board cannot deprive the owners of land abutting thereon of their easement of access, without first paying to such owners just and adequate compensation therefor." This opinion is appropriate and applicable to all highways constructed in this State except limited access highways, as provided by the Act of 1955 (Ga. L. 1955, p. 559), § 4 of which provides: "No person shall have any right of ingress to or egress from or passage across any limited-access highway to or from abutting lands except at designated points to which access may be permitted, and under such arrangements and conditions as may be specified from time to time." This Act permits the establishment of a new kind of highway not in existence at the time of the decision in *State Hwy. Board v. Baxter,* 167 Ga. 124, supra.

We should decline to overrule the *Ford* and *Geehr* cases, as, in my opinion, they are sound and are not contrary to the ruling of the Supreme Court in *State Hwy. Board v. Baxter,* supra. In addition to the cases cited in the *Ford* case as authority for the ruling therein made, the following cases are in accord with the ruling in the *Ford* case. In Los Angeles v. Geiger, 94 Cal.App.2d 180 (210 P2d 717), the court held that in the absence of a pre-existing right of access there could be no recovery for damages where the landowner did not front upon a pre-existing road but did front upon the new road. A similar holding was had in Smick v. Commonwealth (Ky.), 268 S.W.2d 424. In the case of State Highway Commission v. Burk, 200 Ore. 211 (265 P2d 783), it was held that the fact that the statute providing for limited-access highways expressly provided for the acquisition of easements of access did not require the conclusion that such easements were created, and must be condemned, since the statute also contemplated the conversion of existing highways into limited-access highways. For other cases holding that the fact that a limited-access highway is brought into being adjacent to or upon a condemnee's property is not sufficient to create a right of access which the State must then condemn, see Winn v.

U. S., 272 F.2d 282; Riddle v. State Highway Commission, 184 Kan. 603 (339 P2d 301); D'Arago v. State Roads Commission, 228 Md. 490 (180 A2d 488); Pennysavers Oil Co. v. State (Tex. Civ. App.) 334 S.W.2d 546; State v. Calkins, 50 Wash.2d 716 (314 P2d 449); State ex rel. Wiley v. State Road Commission, 148 W. Va. 76 (133 SE2d 113); Lehman v. Iowa State Hwy. Comm., 251 Iowa 77 (99 NW2d 404); Moore v. State Hwy. Comm., 191 Kan. 624 (383 P2d 549); Morris v. Mississippi State Hwy. Comm., 240 Miss. 783 (129 S2d 367); State ex rel. Morrison v. Thelberg, 87 Ariz. 318 (350 P2d 988); State ex rel. State Hwy. Comm. v. Clevenger, 365 Mo. 970 (291 SW2d 57); Carazalla v. State, 269 Wis. 593, 608a (70 NW2d 208, 71 NW2d 276); State v. Silva, 71 N. M. 350 (378 P2d 595); U. S. v. Miller, 317 U. S. 369, 377, 380 (63 SC 276, 87 LE 336). In most of these cases, recognition is made of the same law in those states as set forth in *State Hwy. Board v. Baxter,* 167 Ga. 124, supra, but this presented no barrier to the conclusions reached which are in accord with prior rulings by this court. Only one state, Alabama, has ruled to the contrary. As was stated by Mr. Justice Simpson in his dissenting opinion in St. Clair County v. Bukacek, 272 Ala. 323 (131 S2d 683), "Of course the severance may be more complete when a highway is a limited access facility. This damage is properly reflected however, in the before and after valuations of the whole property and the owner should not be compensated for loss of access per se where no such access existed prior to the highway. He should not be paid for a right he never had nor for a loss he never sustained."

2. While I recognize the rule that one who invites error cannot complain of it (*Western & A. R. Co. v. Branan,* 123 Ga. 692 (51 SE 650)), it is my opinion that this rule does not apply to the present situation where the state in exercising the right of eminent domain attempts to condemn property in which the condemnee has no title or interest as a matter of law. To hold otherwise would permit the state, by condemnation, to make gifts of the taxpayers' money. As was stated in Lehman v. Iowa State Hwy. Comm., 251 Iowa 77, supra, I do not think that the instructions of the court should be allowed to compel the state to pay for a right which the condemnee never had, was not taken from her,

and which was in fact not acquired through the condemnation, the allowance of compensation for something not taken "would amount to a gift which the state has neither the obligation nor the right to make." It is my opinion that where the condemnee under the undisputed facts, is, as a matter of law, not entitled to compensation for the alleged taking of the right of access to the entirely new limited access highway, the state is not estopped to assert the error in the charge because it alleged that it was condemning such alleged right of access.

"Admissions of fact in the pleadings can always be taken advantage of by the opposite party, and can be used as evidence even though the pleadings should be stricken or withdrawn (*Alabama Midland R. Co. v. Guilford,* 119 Ga. 523 (46 SE 655); *Mims v. Jones,* 135 Ga. 541, 544 (69 SE 824); *Improved Fertilizer Co. v. Swift,* 15 Ga. App. 601, 609 (84 SE 132); *New Zealand Ins. Co. v. Brewer,* 29 Ga. App. 773 (116 SE 922)), and it is the rule that a party to a suit will not even be allowed to disprove an admission made in his pleadings, without first withdrawing it from the record. *Florida Yellow Pine Co. v. Flint River Naval Stores Co.,* 140 Ga. 321 (2) (78 SE 900). This rule, however, has application to admissions of fact, and is not applicable where the admission is merely the opinion on the part of the party making it as to the legal effect of the instrument sued on, . . ." *Clift & Goodrich, Inc. v. Mincey Mfg. Co.,* 41 Ga. App. 38 (1) (152 SE 136). I see no reason why this same rule should not apply in a condemnation proceeding by the state where the plats attached to the petition show as a matter of law (of which this court will take judicial cognizance) that the condemnee has no property interest in, or title to, a right of access to the new limited-access highway. The condemnee has not been misled or legally hurt or damaged by reason of the allegation in the petition that a property right, which he does not have, is being condemned. If she had been misled to her injury and damage in defending a case on an erroneous theory, as was the case in *Clift & Goodrich, Inc. v. Mincey Mfg. Co.,* supra, then other rules, as were applicable there, apply to create an estoppel. In the absence thereof no estoppel occurs. The case of *Central Bank &c. Corp. v. State,* 139 Ga. 54, 57 (76 SE 587) does not require

a different conclusion as, in that case, a judgment had been rendered against the state based upon the pleadings, and the doctrine of estoppel by judgment was the principle applied in that case.

It is my conclusion, therefore, that the trial court erred in giving the charges complained of, and did not err in granting the motion for new trial upon the specific grounds complaining of such charge.

I am authorized to state that Judge Jordan concurs in this dissent.