23730. STATE HIGHWAY DEPARTMENT v. LUMPKIN.

QUILLIAN, Justice. This case arose upon the condemnation by the Highway Department of the right of way for the purpose of constructing a limited access highway through the lands of Mrs. Lumpkin. This divided her lands into two separate parcels situated on opposite sides of the proposed highway. The Highway Department in its declaration of taking of the condemnee's land declared: "The title, estate, or interest in the above described lands, required by condemnor and now taken by condemnor for public use is as follows—Fee simple title to the above described lands and all rights of access between the limited access highway and approaches thereto on the above numbered highway and all remaining real property of the condemnee as shown on [an attached plat]." In its petition the Highway Department sought to condemn "12.304 acres of land and access rights in the land abutting" and alleged: "Petitioner also seeks to acquire by condemnation any and all right of access in, to, and upon the right of way herein described except as permitted or allowed by the State Highway Department of

Georgia, as authorized by Georgia Laws 1955, pp. 559, et seq.; Petitioner stands ready to pay just and adequate compensation for said right of way, easements, and access rights as described in the declaration of taking attached hereto as [an exhibit]." The trial judge charged the jury, "it is your duty in. this case to award to the condemnee fair and adequate compensation for the three tracts of land taken and for the easements of access taken on May 3, 1963, as disclosed by the evidence," and later granted the condemnor's motion for new trial on the ground that the evidence adduced upon the trial did not authorize the charge. The Court of Appeals reversed and, in substance, held that the condemnor was bound by the averments of the petition that the access rights were condemned, that the burden was upon the condemnor to prove the case as laid in its petition and that if no evidence was submitted concerning the issue the condemnor could not complain. *Lumpkin v. State Hwy. Dept.,* 114 Ga. App. 145 (150 SE2d 266). *Held:*

The rule is established that in condemnation proceedings the burden of proof rests on the condemnor to prove just and adequate compensation. *Georgia Power Co. v. Brooks,* 207 Ga. 406, 411 (4) (62 SE2d 183); *Georgia Power Co. v. McCrea,* 46 Ga. App. 279 (2) (167 SE 542). There is no question that a pleader is bound by the allegations of his own pleadings and what he alleges in his pleadings to be true is evidence that he is not even permitted to deny. *Code* § 38-402; *Armour v. Lunsford,* 192 Ga. 598 (2) (15 SE2d 886); *Holton v. Mercer,* 195 Ga. 47, 50 (23 SE2d 166). However, in the present case there was evidence to support the averments concerning the condemnation of access rights and from which the just amount of compensation could be legally calculated. The testimony given by the condemnor's engineer was that the proposed limited access highway would extend the entire length of the condemnee's property, dividing the same into two separate parcels, and the condemnee would not have the privilege, when the road was constructed, of going upon or across the same from one parcel of her land to the other. The appraiser, who testified upon the trial, gave to the jury all of the pertinent facts necessary in arriving at the value of the lands and the damage done through depriving her of the right to go upon or across the proposed road.

Counsel for the condemnor protest that, since under the statute

there is no right of access upon a limited access highway, such right could not be condemned. They cite the statute which provides: "A limited-access highway is a highway, road or street for through traffic and over, from or to which owners or occupants of abutting land, or other persons, have no right or easement or only a limited right or easement of access, light, air or view by reason of the fact that their property abuts upon such limited-access highway or for any other reason." *Code Ann.* § 95-1701a (a). "No person shall have any right of ingress to or egress from or passage across any limited-access highway to or from abutting lands except at the designated points to which access may be permitted, and under such arrangements and conditions as may be specified from time to time." Ga. L. 1955, pp. 559, 560 and 562 (*Code Ann.* § 95-1703a). The statute also provides: "The State Highway Department of Georgia and the highway authorities of the counties or municipalities in the State may acquire private or public property and property rights for limited-access facilities and service roads, including rights of access, air, view and light through gift, devise, purchase or condemnation." Ga. L. 1955, pp. 559, 562 (*Code Ann.* § 95-1704a).

While the condemnor had filed a declaration of taking and solemnly alleged such right of access was being condemned and the law does not permit condemnor to repudiate the positive allegations of its petition and deny the very right sought to be condemned did not exist, for other reasons the position is not well taken. The Constitution of Georgia declares: "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." Art. I, Sec. III, Par. I of Georgia Constitution, amended 1960. One of the rights of a landowner is to pass across a highway from one tract or parcel of his lands to another situated on the opposite side. Indeed, to go upon and across the public road is one of the fundamental rights which belong to abutting landowners. "Owners of property which abuts a public road have the right to the use and enjoyment of such road in common with all other members of the public, as well as other rights such as ingress and egress which do not belong to the public generally." *Southern R. Co. v. Wages,* 203 Ga. 502 (3) (47 SE2d 501). "These rights exist regardless of whether the fee of the high-

way is in such owners or not." *Barham v. Grant,* 185 Ga. 601, 604 (5) (196 SE 43); *State Hwy. Bd. v. Baxter,* 167 Ga. 124 (144 SE 796).

When a right of way for a limited access road is duly condemned, the right of the property owner, through whose lands it passes and divides, to go upon or across such highway is lost. But the mere enactment of the statute does not divest the landowner of the right to enter upon or cross the highway. Before such right is taken from him, the stern mandate of the Constitution that "private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid" must be obeyed. So, one of the pertinent issues in the condemnation of the right of way for a limited access highway is the value of this very right of access, the right to go upon and across the proposed highway.

*Judgment affirmed. All the Justices concur, except Candler, P. J., and Mobley, J., who dissent. Cook, J., disqualified.*

ARGUED OCTOBER 11, 1966—DECIDED NOVEMBER 10, 1966— REHEARING DENIED NOVEMBER 23, 1966.

*Edwin Fortson, J. Patrick Ward, Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Horace E. Campbell, Jr., Deputy Assistant Attorney General,* for appellant.

*Erwin, Birchmore & Epting, Eugene Epting,* for appellee.

*Harold Sheats, Paul H. Anderson,* for party at interest not party to record.

MOBLEY, Justice, dissenting. My reasons for dissenting are ably and fully stated in the dissenting opinion of Judge Pannell, concurred in by Judge Jordan, to the majority opinion of the Court of Appeals in *Lumpkin v. State Hwy. Dept.,* 114 Ga. App. 145 (150 SE2d 266) and will not be restated here.