## 44046. KLUMOK et al. v. STATE HIGHWAY DEPARTMENT.

ARGUED NOVEMBER 8, 1968—DECIDED MARCH 7, 1969—
REHEARING DENIED APRIL 4, 1969—

*Ray, Owens, Keil & Hirsch, Milton Hirsch, M. Douglas Hodges,* for appellants.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Kelly, Champion & Henson, Forrest L. Champion, Jr., Charles M. Evert,* for appellee.

BELL, Presiding Judge. The condemnees took this appeal from a judgment of the superior court after jury trial fixing compensation for land taken for a limited access highway.

1. It was not error to admit opinion testimony of several witnesses which would have authorized the jury to conclude that there was present a reasonable possibility or probability of a change in the existing zoning restrictions, which would have an appreciable influence on the market value of the remaining portions of the condemnee's property. The evidence, although in sharp conflict, authorized the court's instructions to the jury allowing them to consider the effect of possible rezoning. *Civils v. Fulton County,* 108 Ga. App. 793, 796 (134 SE2d 453).

2. "The legislature cannot bestow upon one of its boards the right to take or damage private property for public use without just and adequate compensation. We have seen that the right of the owner of land abutting upon a public highway to an easement of access is a property right; and such right is protected under the Constitution of this State." *State Hwy. Board v. Baxter,* 167 Ga. 124, 134 (144 SE 796); *Clayton County v. Billups &c. Petroleum Co.,* 104 Ga. App. 778, 781 (123 SE2d 187). See also *Woodside v. City of Atlanta,* 214 Ga. 75, 83 (103

SE2d 108); *Bowers v. Fulton County,* 221 Ga. 731, 737 (146 SE2d 884). The right of access accrues simultaneously with the taking. See *Lumpkin v. State Hwy. Dept.,* 114 Ga. App. 145, 148 (150 SE2d 266). "One of the rights of a landowner is to pass across a highway from one tract or parcel of his lands to another situated on the opposite side. Indeed, to go upon and across the public road is one of the fundamental rights which belong to abutting landowners. . . Before such right is taken from him, the stern mandate of the Constitution that 'private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid,' must be obeyed. So, one of the pertinent issues in the condemnation of the right of way for a limited access highway is the value of this very right of access, the right to go upon and across the proposed highway." *State Hwy. Dept. v. Lumpkin,* 222 Ga. 727, 729 (152 SE2d 557).

In *State Hwy. Dept. v. Ford,* 112 Ga. App. 270 (2) (144 SE2d 924) this court held that where land is condemned for use as a limited access highway the condemnee is not entitled to damages, actual or consequential, for lack of access to the proposed highway by reason of any right of easement for ingress and egress to and from the highway. Both *Ford* and *State Hwy. Dept. v. Geehr,* 112 Ga. App. 664 (2) (145 SE2d 736), which followed *Ford,* must yield to the authority of the Supreme Court in *Lumpkin.*

However, condemnee's right of access was a right appurtenant to those portions of the land which were not taken and was not a species of separate property. See *Folsom v. Gate City Terminal Co.,* 128 Ga. 175 (2) (57 SE 314); *Ball v. State Hwy. Dept.,* 108 Ga. App. 457, 459 (133 SE2d 638); *Price v. State Hwy. Dept.,* 111 Ga. App. 255 (2) (141 SE2d 215). "In ascertaining the extent of the injury to the land . . . the physical property is to be considered as a unit. The various elements as affecting the market value of this unit in its relation to the improvement are to be treated as component parts of the entire damage, and not as independent items to be separately compensated for. The easement of access to the property . . . is not to be considered as having a separate value,

independently of the property itself, but the property and the easement of access are to be treated as parts of one and the same estate." *Nelson v. City of Atlanta,* 138 Ga. 252, 254 (75 SE 245). While *Nelson* was criticized in *Bowers v. Fulton County,* 221 Ga. 731, 737, supra, it appears that the holding of the Supreme Court in division 2 of *Nelson* (a full-bench decision) has not been overruled and is binding on this court. The loss of the right of access to and from the highway abutting those portions of the land which were not taken was a pertinent issue as held in *State Hwy. Dept. v. Lumpkin,* 222 Ga. 727, 730, supra, but this loss was only an element of consequential damages to the remaining estate.

3. The court's general charge on consequential damages was ample. In the absence of written request, it was not error to fail to charge the jury on the condemnee's loss of access rights as a specific element of consequential damages. *Chandler v. Alabama Power Co.,* 104 Ga. App. 521, 537 (122 SE2d 317), reversed on another point, 217 Ga. 550.

4. Two of the State's witnesses testified concerning consequential damages. As this evidence embraced the loss of access rights, there is no merit in condemnees' contention that the verdict was not authorized because there was no evidence as to the value of these rights. *Ball v. State Hwy. Dept.,* 108 Ga. App. 457, 459 (133 SE2d 638).

*Judgment affirmed. Hall and Quillian, JJ., concur.*