E. GRANNISS, adm'r, etc., plaintiff in error, *vs.* SAMUEL D. IRVIN, defendant in error.

1. It is the presumption of law that an officer has done his duty, and his official acts will be presumed to have been done rightly until the contrary is shown.

2. Where a deed, purporting to have been attested by a magistrate, and duly recorded thereupon, was offered in evidence, circumstances tending to show that the magistrate's name was affixed subsequently to the execution of the deed, are evidence for the *jury*, and it is error in the Court to withhold the deed as not recorded.

3. If the evidence is pertinent, the Court should leave it to the jury under his charge as to the law.

Ejectment.   Tried before Judge CLARK.   Baker Superior Court.   November Term, 1868.

This was ejectment in favor of John Doe, upon 'the demise of Ebenezer Granniss, as administrator of John Kennedy, deceased, against Roe, casual ejector, and Samuel D. Irvin, as administrator of James Bond, deceased, tenant-in-possession, for lot of land, 128, in said county.

Granniss *vs.* Irvin.

The plaintiff's attorney read in evidence the grant of said lot from the State to Pharis Gove, and a deed by which Gove conveyed it to S. W. Nichols. These papers were produced by the defendant under notice. The *locus in quo* and that Granniss was the administrator of Kennedy aforesaid, were admitted. Plaintiff's attorneys then tendered a deed made by said Nichols to said Kennedy, dated the 25th of May, 1839, purporting to have been executed in presence of J. A. James, J. G. Martin, " Balaam Peters, J. P.," and recorded on the 13th of May, 1840.

The name, " Balaam Peters, J. P.," was in a different ink from any thing else in or on said deed, and on the back of it were the words of an affidavit, for probating the deed, dated the 3rd of December, 1839, in the usual form. It appeared to have been written for the purpose of being sworn to by said Martin, before one Sullivan; but it had never been executed, *i. e.* neither had Sullivan witnessed it, nor had Martin signed it.

Because of these circumstances, the defendant said that " Balaam Peters, J. P.," was signed to the deed after said 3rd of December, 1839, and because of these suspicious circumstances, objected to the introduction of the deed upon the ground that it was not sufficiently proven to carry it to record under our statutes. The Court rejected the deed.

It being admitted that the defendant held the premises under a deed from said Nichols, made subsequently to the date of said rejected deed, and that his deed was duly recorded, he was allowed to take a verdict, the plaintiff excepting to the rejection of said deed by the Court.

Vason & Davis, for plaintiff in error.

S. D. Irvin, for defendant in error.

McCay, J.

1. At first sight, this deed appears to be properly admitted to record. It is apparently attested by one *witness* and a magistrate, as required by law. The attack upon it is based upon the idea that the signature of the magistrate is either forged or written subsequently to the execution. *Prima facie,* the attestation is sufficient. The presumption of law is that the magistrate signed it in the county and at the time appearing on the face of the deed. *Prima facie,* also the signatures are genuine. The deed *appearing* to be properly attested and admitted to record, the presumptions are in its favor. The burden of attack is upon the party resisting the deed. 1*st Kelly,* 3, *Doe ex dem., Truluck vs. John Peeples.*

2. In questions turning upon the proper execration of papers offered in evidence, it is sometimes a nice question, where the duty of the Court ends, and that of the jury begins.

Undoubtedly, the law and the practice is, that, in the first instance, except where there is a plea of *non est factum,* the evidence of execution is heard and adjudged by the Court. This is, of course, however, only *prima facie,* as in all cases the jury must, in making up their verdict, pass upon the question in its totality.

The Court only acts as a sifter of the papers presented, and it is its duty to permit no papers to go to the jury that do not appear to be properly executed. Unless this has been done, they are not relevant. They may have been the acts of other parties, and be mere waste paper as to the matter in issue. Greenleaf's Ev., 849, 1st vol.

The true rule, we think, upon this subject, is this: The party offering a paper, must make out a *prima facie* case, he must show, *apparently,* that the fact is as he contends. If the evidence *wholly* fails to show the execution, the Judge ought to reject the deed. It is not worth while to burden the case with such a paper. It is irrelevant. But if there be a reasonable probability established, that the paper is what it purports to be, even though there may be grave

Granniss *vs.* Irvin.

doubts as to what the truth is, it is then a question of fact for the jury, and the paper ought to go before them, with instructions as to their duty.   The execution of the paper will then be a part of the matter they are called on to try, and they must consider it in the making of their verdict. Greenleaf's Evidence, volume 1, 49, and note and authorities there referred to.

We express no opinion in this case, as to what would have been the duty of the jury had the Judge sent the deed to them.   We reverse the judgment of the Court on the ground that he *withheld* the question from the jury.   There was enough for the plaintiff to authorize the Judge to consider the deed matter for the consideration of the jury.   For myself, I would say that mere difference in the color of ink is a very small matter.   Nothing is more common than two inkstands on the same table, each containing ink of a distinct shade or color, and every chirographer is familiar with the fact that some times the ink at the bottom of a stand, will make upon paper an impression of a different shade from that at the top.   Nor is the unexecuted probate on the back of this deed of much moment.   Who wrote it? and when? It is, indeed, a very strange mode of reasoning to use a writing not signed by any body, and not proven to have been written by any body, to contradict a paper, apparently properly executed in the presence of an officer, appointed by law to witness papers, and whose acts, like other official acts, are *prima facie,* at least, presumed to have been rightly done.

Judgment reversed.