DALE D. ANDERSON ET AL., APPELLEES, v. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT.
168 N. W. 2d 522

Filed June 6, 1969. No. 37090.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Betsy G. Berger, John P. Regan, Warren D. Lichty, Jr., and Ted L. Schafer, for appellant.

McGinley, Lane, Mueller, Shanahan & McQuillan, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action in eminent domain. In its appeal, defendant State of Nebraska, Department of Roads, alleges error in the exclusion of evidence of comparable sales of land and in the taxation of attorney's and expert witness' fees. We reverse the judgment of the district court.

The record discloses that defendant called an expert on real estate values to give his opinion of the value of plaintiffs' land before and after the taking. As a basis

for his opinion, he sought to compare the lands of plaintiffs with other lands in the area which had been sold. One such sale is referred to as the Walz-Phelps sale consummated about 2 months prior to the appropriation of plaintiffs' land. It was investigated by the witness in the usual manner. He inspected the premises, found the sale to have been an open-market transaction and the land to have numerous points of similarity to plaintiffs' property. Both places adjoined the south bank of the South Platte River; were in the same general area; had accretion land, similar type soils, high water tables, hay and pasture land in native grass; and were used as wintering areas for cattle. There were some dissimilarities. The Walz-Phelps tract was larger, had a small set of improvements, and had 125 acres irrigated. The plaintiffs' land was irrigable but not presently irrigated. The Walz-Phelps place sold for $189.18 per acre whereas the jury awarded plaintiffs for land taken on the basis of $290 per acre. The court sustained an objection to evidence that the sale was an open-market transaction on the ground it was hearsay. Evidence of this sale was barred entirely. The court stated: "There are certain features of it that are based on hearsay on the witness's part, and other phases that depend on matters as to which an expert's opinion is not available." In view of the fact that it was a duly qualified expert witness testifying, there would not appear to be any basis for the latter portion of the ruling made. The question of admissibility of hearsay evidence under such circumstances is one not heretofore specifically determined in this jurisdiction.

The authorities are not agreed on whether or not the testimony of an expert witness, as to comparable sales, is admissible over a claim of hearsay based on his lack of personal knowledge relating to sales of comparable property. See Annotation, 95 A. L. R. 2d 1217. The majority rule, and we believe the better reasoned, admits such testimony. In International Paper Co. v. United

States (5th Cir.), 227 F. 2d 201, it is stated: " 'If the expert has made careful inquiry into the facts, he should be allowed to give them as the basis of the opinion he has expressed. If he had not made careful inquiry, this will be developed on cross examination and will weaken or destroy the value of the opinion. Ordinarily evidence as to facts of this sort given by an expert as the basis of his opinion as to value comes with a sufficient guaranty of trustworthiness to justify the relaxation of the hearsay and best evidence rules.' "

In State v. Oakley, 163 Tex. 463, 356 S. W. 2d 909, 95 A. L. R. 2d 1207, the court held that such evidence by an expert witness, although partially based on hearsay, was admissible to show a basis for his opinion of value. In State Highway Com. v. Parker, 225 Ore. 143, 357 P. 2d 548, the court quoted, with approval, the following excerpt from Stewart v. Commonwealth (Ky.), 337 S. W. 2d 880: " 'It is quite often true that the most thorough, comprehensive and accurate professional appraisals are based almost entirely on "hearsay" in the legal sense of the word. Persons who appraise or deal in real estate professionally make it their business to keep abreast of current transactions. The value of an appraisal depends very largely on the manner in which it is developed. It is of importance to the court and jury to know how it was made and on what information it was based. If some or all of that information was acquired by hearsay, but through the customary channels of the trade, or by methods recognized as standard in the making of appraisals, we see no useful purpose in a rule of absolute exclusion. Therefore, confining the effect of this opinion to witnesses whose qualifications include experience in appraising or dealing in real estate *as a business*, we hold that testimony as to the prices paid in comparable sales is not inadmissible merely because it is secondary or hearsay evidence. * * *' " This evidence was admissible and was erroneously refused. See, O'Neill v. State, 174 Neb. 540, 118 N. W. 2d 616; City of Lincoln v.

Marshall, 161 Neb. 680, 74 N. W. 2d 470.

Defendant also objects to the ruling of the court barring evidence of another sale. The objection made was, among others, on the ground that the sale was not of comparable land. There were many dissimilarities and bearing in mind that the court is vested with a reasonable discretion in determining the admissibility of evidence of this nature, we conclude that, in this instance, there was not an abuse of discretion. See Swanson v. State, 178 Neb. 671, 134 N. W. 2d 810.

Plaintiffs called as an expert witness a man with a wide knowledge of local real estate values in the vicinity of plaintiffs' land. Arrangements had been made with this individual to appraise plaintiffs' land, testify in regard to such appraisal and to damages sustained, and for compensation for his services. He was not a licensed real estate salesman or broker. The court allowed an expert witness' fee for the services of this witness to which defendant excepts. A witness who testifies as an expert on a subject requiring special knowledge and skill is, in the absence of special contract, entitled only to the statutory fee. See, Hefti v. Hefti, 166 Neb. 181, 88 N. W. 2d 231; Peek v. Ayres Auto Supply, 155 Neb. 233, 51 N. W. 2d 387. The record discloses that a special contract had been entered into with this witness; yet, the law forbids the payment of compensation for his services. Section 81-867, R. S. Supp., 1967, defines a real estate broker as a person who, "for another and for a fee, commission, or other valuable consideration, * * *, sells, exchanges, * * * or appraises, or offers or attempts or agrees to appraise, * * *, any real estate, * * *." Section 81-869, R. R. S. 1943, provides: "It shall be unlawful for any person to act as a real estate broker or real estate salesman without first having procured a license to be issued by the State Real Estate Commission, as hereinafter provided for." It appears that one who is not a real estate broker cannot charge or collect a fee for his services in appraising real estate and the court was

without power to allow an expert witness' fee for services rendered by this witness. Since he cannot lawfully contract for such compensation, he falls within the rule announced in Hefti v. Hefti, *supra*, and Peek v. Ayres Auto Supply, *supra*.

Defendant also challenges the award of attorney's fees allowed in this case. Plaintiffs retained as counsel the firm of McGinley, Lane, Mueller & Shanahan. The case is one in which the allowance of an attorney's fee is proper under the provisions of section 76-720, R. R. S. 1943. That section provides that under certain circumstances "* * * the court *may* in its discretion award to the condemnee a reasonable sum for the *fees of his attorney* * * *." (Emphasis supplied.) The statute is not mandatory but enables the court, in instances where it may be deemed proper and statutory requirements are present, to make such allowance. The purpose of the statute is to protect condemnees against harassment by the institution of groundless appeals on the part of condemners and its use should be limited to the purposes for which it was intended. In the present instance, we find there was no abuse of discretion in allowing an attorney's fee, but a question arises as to the amount allowed. The fee allowed is somewhat in excess of that requested by plaintiffs. The evidence further shows that two members of the firm employed by plaintiffs participated in the trial and perhaps the preparation therefor. A claim was made for the fees of both attorneys notwithstanding that at least, insofar as the trial was concerned, these fees were in a measure for the work of one attorney duplicating that of the other. The statute contemplates but one fee and the amount allowed should be fixed as though the services were performed by one attorney unless the circumstances are such as to require the services of two or more attorneys. See, Hamilton v. Nunn, 247 Ky. 715, 57 S. W. 2d 655; In re Epstein's Estate, 176 Misc. 494, 27 N. Y. S. 2d 872; Maryland Casualty Co. v. Maloney, 119 Ark. 434, 178

S. W. 387, L. R. A. 1916A 519; Southland Life Ins. Co. v. Norton (Tex. Civ. App.), 5 S. W. 2d 767. Fees should not be allowed on the basis of an unnecessary multiplicity of counsel. It does not appear that this case was one requiring a multiplicity of counsel.

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.