### 28311. DEPARTMENT OF TRANSPORTATION v. HARDIN et al.

ARGUED OCTOBER 9, 1973 — DECIDED NOVEMBER 8, 1973.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, G. Thomas Davis, Assistant Attorney General, Ken Stula, Deputy Assistant Attorney General,* for appellant.

*Fortson, Bentley & Griffin, Edwin Fortson,* for appellees.

MOBLEY, Chief Justice. The Department of Transportation, condemnor, appeals from the grant of the condemnees' motions to strike certain pleadings, to delay possession, and for summary judgment. Certificate for immediate review was signed by the trial judge.

The condemnor brought proceedings under Ga. L. 1955, pp.

559-564 (Code Ann. Ch. 95-17A) to take described property for a limited access highway. It was alleged in paragraph 3 of the petition that the highway being a limited access highway, there is no necessity of condemning rights of access to the highway except at points where the limited access highway may require the acquisition of access rights to existing roads, streets, or highways.

The condemnees moved to strike this allegation of paragraph 3; to delay possession of the right of way until the condemnor complied with the statute under which it was proceeding as to tendering the sum estimated to be due for the access rights; and to grant summary judgment that the right of access to the limited access highway for which the right of way is being condemned is a property right for which the condemnees must be compensated.

The condemnor filed a written brief in opposition to these motions, in which it asserted that the grant of the motions would violate the Constitution, Art. VII, Sec. I, Par. II (Code Ann. § 2-5402), in that the payment of compensation for access rights to a limited access highway would be a donation or gratuity; would violate the Constitution, Art. I, Sec. I, Par XXIII (Code Ann. § 2-123), in that it would require the condemnor to plead and condemn that which it does not wish to plead and condemn; and would violate the due process clauses of the State and Federal Constitutions, in that it would deprive the State and the taxpayers thereof of their property without due process of law.

The trial judge entered an order which recited that the parties had stipulated that there is no existing public road within, abutting, or crossing the right of way sought to be condemned. The motions of the condemnees were granted under the authority of *State Hwy. Dept. v. Lumpkin,* 222 Ga. 727 (152 SE2d 557), and the constitutional objections of the condemnor were overruled.

In *State Hwy. Dept. v. Lumpkin,* 222 Ga. 727, supra, this court granted certiorari to review the case of *Lumpkin v. State Hwy. Dept.,* 114 Ga. App. 145 (150 SE2d 266), and thereafter affirmed the judgment of the Court of Appeals. The case involved a proceeding to condemn a right of way for a limited access highway, and the question for determination was whether a charge to the jury that it was their duty to award compensation for the tracts of land taken and "for the easements of access taken" was erroneous. This court held that the condemnor had alleged in its pleadings that it was condemning the access rights and that it was bound by these averments. It was further held that one of the pertinent issues in the condemnation of a right of way for a limited access highway

is the value of the right of access to the highway. The opinion was not by a unanimous court. The condemnor seeks a re-examination and reversal of the ruling there made.

Prior to the establishment of limited access highways, it was the law of this state that the owner of land abutting upon any highway had a right of access to the highway which could not be taken from the owner without the payment of compensation for such right of access. *State Hwy. Bd. v. Baxter,* 167 Ga. 124 (1) (144 SE 796); *Barham v. Grant,* 185 Ga. 601, 604 (196 SE 431). This principle was based on the concept that the adjoining owner has two separate rights in the highway, a public right in conjunction with the public generally to travel upon the highway, and a private right of access to the highway from contiguous property. This latter right is not appropriate to a limited access highway, which is designed to facilitate the rapid movement of large amounts of traffic, and is not intended to give adjoining property owners access to the highway except at limited points.

The Act authorizing the creation of limited access highways specifically provides: "No person shall have any right of ingress to or egress from or passage across any limited access highway to or from abutting lands except at the designated points to which access may be permitted. . ." Code Ann. § 95-1703a. This provision has the effect of preventing a property right of access from arising for the benefit of contiguous landowners in a newly created limited access highway. This would not be the case, of course, where an established general access highway is changed to a limited access highway.

In the dissenting opinion of Judge Pannell, concurred in by Judge Jordan (now Mr. Justice Jordan), in *Lumpkin v. State Hwy. Dept.,* 114 Ga. App. 145, 148, supra, which dissenting opinion was adopted as the dissenting opinion of the writer in *State Hwy. Dept. v. Lumpkin,* 222 Ga. 727, supra, a number of cases from other jurisdictions are cited which hold that where a limited access highway is constructed where no highway has been established, no right of access is created which the condemnor must condemn.

Since we are convinced that the opinion of this court in *State Hwy. Dept. v. Lumpkin,* 222 Ga. 727, supra, holding that a condemnor in acquiring rights of way to create a limited access highway must condemn an easement of access, is erroneous, we refuse to follow that ruling. We must therefore reverse the judgment of the trial court following that ruling and granting the motions of the condemnees.

The questions made by the present appeal pertain only to the limited question of whether a condemnor creating a limited access highway must condemn a purported "right of access" where none has previously existed. We do not mean to infer by this opinion that a condemnee would not be entitled to compensation for any reduction in the market value of his remaining property in the event the right of way acquired from the condemnee for a limited access highway divides the condemnee's property and prevents convenient access from one portion of his property to the other, or cuts off a portion of his property so that he has no access to it. *Judgment reversed. All the Justices concur.*