48823. STATE HIGHWAY DEPARTMENT v. KINSEY
et al.

PANNELL, Judge.

On September 23, 1965, the then State Highway Department of Georgia brought an action to condemn certain land, highway access rights, and a drainage easement against R. C. Kinsey, his wife and the Bank of Dade. Following a jury trial on April 30, 1973, a jury returned a verdict in favor of the condemnees in the amount of $15,000. The court entered a judgment of $11,720, representing the award less the estimated just compensation previously deposited by the condemnor with the court, plus interest since taking. From this judgment the condemnor appeals. *Held:*

1. Initially, appellant enumerates as error that the trial judge erred in admitting into evidence a deed which was not properly identified and proven as to the execution or registration when it had been stipulated that the condemnees were the owners of the property. The court did not err. The deed introduced and admitted into evidence contained a certificate of recordation by the Clerk of the Superior Court of Dade County, Georgia, and no affidavit of forgery was filed by the condemnor. Code § 29-415; *Grannis v. Irvin,* 39 Ga. 22, 24. A presumption of genuineness prevails. In the latter part of the enumeration, appellant overlooks the main purpose for the deed's introduction, i. e., to reflect that the Kinsey property contained 17 acres of land more or less, contra to appellant's parol evidence to the effect that the property contained 3 acres less when measured from a boundary conflicting with the deed. A question of fact as to the acreage was clearly presented to the jury for determination. The deed was admissible and was of probative value on the issues involved.

2. The appellant contends the trial court erred in

charging the jury that it was authorized to include as an element of damages the loss of access rights to the strip taken for the limited access highway when there is no evidence as to the value of such rights. While it is settled law in this state that the condemnor had the burden of proving the value of the property taken or just and adequate compensation therefor including consequential damage, if any (see Ga. *Power Co. v. Brooks,* 207 Ga. 406 (4) (62 SE2d 183)), this does not preclude or estop the condemnor from complaining of a charge on the ground that the value of the property right sought to be condemned was not proven. See *State Highway Dept. v. Murray,* 102 Ga. App. 210, 215 (115 SE2d 711). There being no evidence of the value of this alleged property right sought to be condemned, the trial judge erred in charging thereon.

The application of *Department of Transportation v. Hardin,* 231 Ga. 359 (201 SE2d 441) decided after the present case was pending on appeal, and holding that a condemnee, part of whose land is condemned for a limited-access highway, has no right of ingress to and egress from the limited-access highway from and to the land not condemned, where no old highway is involved and the right of access thereto is condemned, and overruling *State Highway Dept. v. Lumpkin,* 222 Ga. 727 (152 SE2d 557), ruling to the contrary, is not raised by any of the enumerations of error, nor could it have been so done as the enumerations of error were required to be filed in the present case prior to this decision.

The Act relating to and creating limited-access highways (Ga. L. 1955, p. 559, § 4) states: "No person shall have any right of ingress to or egress from or passage across any limited-access highway to or from abutting lands except at the designated points to which access may be permitted, and under such arrangements and conditions as may be specified from time to time." In view of this statute and the ruling in *Department of Transportation v. Hardin,* supra, no right of access to the limited-access highway exists in the condemnee in this case. While due to the circumstances stated above, no enumeration of error to the charge is based on this ground, we do not deem it inappropriate under the

circumstances to say that the State Highway Department (now, Department of Transportation) no longer is required to condemn or pay for, as a separate and additional item of damage, the taking of a non-existent property right, the "right of access" to a limited-access highway, except where an old highway is included therein. The charge complained of was also error for this reason. This concept does not affect the right to consequential damages to the remainder of the condemnee's lands, as the court in *Department of Transportation v. Hardin,* supra, clearly stated: "We do not mean to infer by this opinion that a condemnee would not be entitled to compensation for any reduction in the market value of his *remaining property* in the event the right of way acquired from the condemnee for a limited access highway *divides the condemnee's property and prevents convenient access from one portion to the other, or cuts off a portion of his property so that he has no access to it."* (Emphasis supplied.)

3. Appellant, the State Highway Department, complains that the trial court erred in refusing to permit the appellant to show the size of the drainage culvert under the limited-access roadway and to show that it was designed for the dual purpose of drainage and for a cattle pass. This evidence was objected to by the condemnees on the ground that it was not shown that the condemnee had the legal right to use such culvert or drainage easement as a means to go to and from the remainder of his land on either side of the limited-access highway. That he might use it as a matter of grace, but not of right, is an insufficient basis on which to claim this culvert as a means of passage to and from the separated land of the condemnee and lessens the consequential damages to such remainder of his land. We find no error.

4. The remaining enumerations of error are clearly without merit.

*Judgment reversed. Bell, C. J., Eberhardt, P. J., Deen, Quillian, Clark and Webb, JJ., concur. Evans, J., dissents. Stolz, J., disqualified.*

ARGUED JANUARY 10, 1974 — DECIDED APRIL 23, 1974 — REHEARING DENIED MAY 13, 1974 —

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, F. H. Boney, Deputy Assistant Attorney General,* for appellant.

*Brown, Harriss & Hartman, Robert J. Harriss,* for appellees.

EVANS, Judge, dissenting in part.

This is a condemnation proceeding by the State Highway Department against lands of Mr. and Mrs. Kinsey in Dade County, Georgia. The new proposed highway split the farm of the owners and there was no way for the owners' cattle to travel from one farm to the other except by going under the highway through a culvert. But the culvert is alleged to have been so small, with a stream of water at all times flowing over the bottom of the culvert, as to render it undesirable as a passage-way for the owner's cattle.

In Division 2 the majority opinion seemingly holds that the owner's right to travel from one part of his farmlands to another part (now obstructed by the new highway) is a matter of grace and not a matter of right, and therefore, not compensable.

On the other hand, the landowners contend that the value of their land has been diminished because of being split, and the unsuitable passageway for their cattle from one farm to the other farm bears directly upon the issue as to *how much* the value of their remaining land has been reduced.

1. The majority opinion cites the quite recent case of *Department of Transportation v. Hardin,* 231 Ga. 359 (201 SE2d 441). That case is directly against the position of the majority, and among other things it points out that formerly all landowners had the right to enter a highway at any point contiguous to their property; but the "limited access highway law" has taken away such right of entry into the highway at any point; and that a landowner through whose land such limited access highway is condemned, cannot recover damages for denial of his right to enter the highway at any point adjoining his lands. The *Hardin* case, then at page 362,

holds as follows: "We do not mean to infer by this opinion that a condemnee would not be entitled to compensation for any reduction in the market value of his *remaining property* in the event the right of way acquired from the condemnee for a limited access highway *divides the condemnee's property and prevents convenient access from one portion to the other, or cuts off a portion of his property so that he has no access to it.*" (Emphasis supplied.) To paraphrase the holding by the Supreme Court in *Hardin,* supra; the landowner cannot complain because he cannot leave his property and enter the highway at any point adjoining his property; but the landowner can complain because he cannot leave his property and enter and go upon other property of the same landowner, when he is obstructed therefrom by a new highway running through and splitting his property. This is the case sub judice in a nutshell; it fits like a glove.

2. But the majority opinion seeks to escape the effect of the holding in the *Hardin* case by stating that it was *"decided after the present case was pending on appeal."* It makes not one bit of difference that the *Hardin* case was not decided when, or before, the case sub judice was on trial. The law to be applied on review *is the law in effect on the date the appellate court considers the case,* and this is true even though the law is changed following the trial in the lower court and before it is decided in the appellate court. In *Hill v. Willis,* 224 Ga. 263, 265 (161 SE2d 281), the Supreme Court holds: "As was said in *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759), *a reviewing court should apply the law as it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review,* and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where the application of the new law will impair no vested right under the prior law." (Emphasis supplied.) Let it be understood that I do not agree that the law has been changed as applied to this case, but if it has been changed, the law existing at the time of our decision in this reviewing court must be applied.

3. The majority opinion urges that the landowner did not prove the value of his damage through being denied the right to go from one farm under the highway to the other farm. There was no obligation whatever upon the landowners to divide their damages up in such fashion, because this item became an element of damage to all of the landowners' remaining land, and was proven by the evidence as to the reduced value of the remaining land, as to which there was ample evidence. (Tr. pp. 23-33, 47-49, 54, 55, 62-64, 67, 89, 90). Further, the burden was on the condemnor — Department of Transportation — to prove such damage as an integral part of its right of eminent domain. The majority opinion admits this proposition of law and cites in support thereof *Georgia Power Co. v. Brooks,* 207 Ga. 406 (4) (62 SE2d 183).

I concur with the majority opinion as to all portions except Division 2, and would vote to affirm the judgment.