MARGARET M. THACKER, APPELLEE, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT.

229 N. W. 2d 197

Filed May 22, 1975. No. 39771.

Paul L. Douglas, Attorney General, Warren D. Lichty, Jr., and Dale L. Babcock, Jr., for appellant.

Smith, Smith & Boyd, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an eminent domain proceeding. The State of Nebraska, Department of Roads, condemner, appeals from a judgment on a jury verdict in the amount of $225,000 awarded Margaret M. Thacker, landowner and condemnee, in the District Court for Dakota County, Nebraska.

The condemner's numerous assignments of error may be condensed to the following: (1) The refusal of the District Court to grant the condemner's motion to dismiss the appeal of the owner from the award of the appraisers appointed by the county judge. (2) The allowance by the District Court to the owner for attorneys fees and expert witness fees is unreasonable and excessive, and no interest should have been allowed on the award because interest is not prayed for in the petition. (3) The admission of testimony concerning the sales of certain property as evidence of the value of the tract acquired and damaged and as foundation for the testimony of the owner's expert witnesses was error. (4) Refusal of the trial court to permit the appraisers ap-

pointed by the county judge to testify as to the value of the property taken and damaged. (5) Refusal of the trial court to receive into evidence exhibit 10, a graph compiled by the condemner's expert witness purporting to show the relationship of size of tract to per acre market value. (6) Refusal of the trial court to give the condemner's requested instruction No. 1.

We affirm. The facts and the evidence will be stated as necessary in connection with the discussion of each assignment.

The county court-appointed appraisers entered an award of $74,648. The owner appealed. The condemner then filed a motion to dismiss the appeal in which motion it alleged that, at the hearing before the board of appraisers, counsel for the owner induced the appraisers to return an award for less than the $84,669 which the condemner alleged it was willing to pay, and, that as a result, the award returned was $74,648. The motion further alleged that the owner's purpose was to insure that upon appeal to the District Court she would obtain an award more than 15 percent greater than the award made by the appraisers, thus qualifying for an allowance of attorneys and expert witness fees. Issue was joined on this motion by the owner's counter-motion to strike the condemner's motion to dismiss. The motion to strike was heard without evidence being received to establish any of the facts alleged in the motion to dismiss and the motion to strike was sustained.

The condemner contends that because of the alleged conduct of the owner's counsel the owner lost her right of appeal. The condemner frames its position in the form of a contention that the District Court had no jurisdiction to hear the appeal. Framed in that manner, of course, the contention is unsupportable. It is obvious that an appellate tribunal's jurisdiction to hear a case on the merits is not properly invoked if the appealing party fails to take necessary jurisdictional steps, but no such contention is made here. Insofar as there is any argu-

able basis at all for the condemner's position, it is founded on the doctrine that a party who has assumed a position in judicial proceedings is estopped to assume an inconsistent position to the prejudice of the adverse party. Jensen v. Omaha Public Power Dist., 159 Neb. 277, 66 N. W. 2d 591.

Because the trial court acted on the motion to strike instead of directly on the motion to dismiss, it heard no evidence as to the truth of the factual allegations in the motion to dismiss. (The condemner did not itself produce witnesses and attempt to make proof of the facts alleged.) We assume the truth of the allegations. No doubt if a condemnee induced a low award by the appraisers and then, on that account, succeeded in obtaining a verdict 15 percent greater on his appeal and thus became prima facie entitled to an award of attorneys and expert witness fees to which he would not otherwise have become entitled, the condemner would, upon proper pleadings and proof, be entitled to use those facts to defeat such an award of fees. But that is not this case. In any event, the facts alleged relate only to fees and could not defeat the jurisdiction of the District Court or the condemnee's right to his day in court on the issue of the amount of damages.

It is judicially admitted that the parties were unable to agree on the damages. On appeal the owner obtained an award of $225,000. This is far more than 15 percent greater than the $84,669 which the condemner alleges it would have been willing to pay. The owner thus became entitled to an award of attorneys and expert witness fees. In short, her right to such an award was not the result of the alleged misconduct of the owner's attorneys. In order for the doctrine cited in the second preceding paragraph to be applied, prejudice must have been caused the adverse party. The condemner's position on the first assignment cannot be sustained.

After trial and judgment the owner filed an application for attorneys and expert witness fees under the

provisions of section 76-720, R. R. S. 1943. The court awarded attorneys fees of $8,280 and expert witness fees totaling $1,100. The condemner's position is that the amounts are unreasonable and included an award for the services of two attorneys when the services of one would have sufficed. It cites Anderson v. State, 184 Neb. 467, 168 N. W. 2d 522. Based upon an examination of the evidence we conclude that Anderson v. State is not applicable and the fees allowed are reasonable.

The condemner asserts that the court erred in awarding interest on the judgment. The interest was awarded in accordance with the provisions of section 76-711, R. R. S. 1943. The condemner claims this was erroneous because the petition does not pray for interest. It cites no relevant authority. The owner's right to interest rests upon the provisions of section 76-711, R. R. S. 1943, and not upon the prayer of the petition. The condemner's assignment in this respect is unfounded.

The condemner's claim that the court erred in admitting over objection testimony concerning sales of other tracts of land claimed to be comparable to the subject tract as evidence of the value of the subject tract is grounded on the argument that the tracts involved in the sales used for comparison were too small to be sufficiently similar to the subject tract to make the evidence admissible. The tract taken and damaged was located entirely within the city limits of South Sioux City, Nebraska. It contained 62.69 acres and had dimensions of 1,280 feet x 2,607 feet, excluding from these dimensions a 620-foot x 990-foot rectangular-shaped tract in the southwest corner which had earlier been disposed of by the owner. The west boundary of 1,619.52 feet of the wider part of the tract fronted on Dakota Avenue (Highway 77). The north boundary of 1,280 feet fronted on 39th Street. Both of these boundaries, previous to the acquisition, were afforded direct access to all parts of the streets on which they fronted. The topography of the subject tract was flat. It was unim-

proved. All utilities were available to it from one or the other of the two streets on which the property fronted. The tract was zoned industrial which permitted either industrial or commercial development. The immediately surrounding area was primarily commercially developed or agricultural.

The condemner acquired a wedge-shaped 24.08-acre tract running from east to west through the heart of the wider or northern part of the tract thus dividing the entire tract and leaving two irregular-shaped tracts of 12.1 and 26.51 acres on the north and south respectively. The condemner also acquired a narrow strip along the remainder of the boundary fronting on Dakota Avenue and along about half the frontage on 39th Street, and access on these parts was to be completely restricted and enclosed by a chain link fence. Access was thus completely lost on the entire frontage on Highway 77 and also on 39th Street except at one narrow point. The only access afforded to the severed south tract was from Dakota Avenue through a 40-foot access right-of-way provided by the condemner through the 620-foot x 990-foot tract earlier referred to. An earthen berm was to be erected on the acquired 24.08-acre tract which, at the eastern edge of the owner's property, would be 15.2 feet above ground level and, at the western edge, 24.6 feet above ground level.

As a part of the foundation for their testimony, each of the expert witnesses (three for the owner and one for the condemner) described the sales of what each considered sufficiently comparable property to afford a basis for arriving at the market value of the subject property. In each case, the witness, including the condemner's expert, laid a foundation which generally consisted of the following: (1) Date of sale, (2) location of property (all within South Sioux City), (3) size, (4) utilities available, (5) topography, (6) access, (7) use and shape, (8) zoning, (9) verified that the sale conformed to the

legally prescribed definition of market value sale, and (10) price.

The first expert for the owner described eight sales; the second, five sales; and the third, four sales. The tracts varied in size from 14 acres to .7875 acres. The condemner's expert, whose testimony was admitted without objection, described four sales. The size of the tracts involved in the sales which he used ranged from 24.7 acres to 3.512 acres. All four experts, including the condemner's, used the 14-acre tract as a comparable sale. All used some tracts which were comparable in size to those used by the other experts, but all a great deal smaller than the subject tract. Each expert then, in his own mind, made such adjustments (without specifically describing them) as were required by differences in the various sales to arrive at the market value of the subject property on the day of taking. The sales in question were not offered as independent evidence of value of the subject tract, but as foundation for the various expert opinions. However, the jury by instruction was permitted to consider the sales in connection with determining the value of the property taken and damaged. No objection is made to the instruction which permitted this.

In eminent domain proceedings, a wide discretion must be granted the trial judge in determining the admissibility of evidence of other sales. The evidence should not be admitted where there is a marked difference in the situation of the properties, or when the judge is not satisfied that the price paid was sufficiently voluntary to be a reasonable index of value. Swanson v. State, 178 Neb. 671, 134 N. W. 2d 810. The question of the admission of the sales price of other land and the sufficiency of the foundation for admission of such evidence is within the sound discretion of the trial court. State v. Mahloch, 174 Neb. 190, 116 N. W. 2d 305. The requirement of similarity of compared tracts does not mean that they must be identical, but, rather, that they bear a re-

semblance to each other. 1 Orgel, Valuation Under Eminent Domain (2d Ed.), § 138, p. 587. The determination of the similarity of tracts for purposes of deciding the admissibility of sales of such tracts in order to show market value of the tract taken or damaged is to be left largely to the discretion of the trial court. 1 Orgel, Valuation Under Eminent Domain (2d Ed.), § 138, footnote 7, p. 586; Wassenich v. Denver, 67 Colo. 456, 186 P. 533.

We have carefully examined the foundation testimony and conclude that the trial court did not abuse its discretion in admitting evidence of the particular sales.

The condemner called as witnesses two of the appraisers appointed by the county court and sought to elicit their testimony as to the value of the tract taken and damaged. The trial judge, outside the presence of the jury, heard the foundation testimony as to the qualifications of these witnesses. He then refused to let them testify. In this he did not err. The proffered foundation disclosed neither familiarity by the witnesses with market conditions and value of comparable properties, nor familiarity with the definition of market value. In order for the testimony of either an expert or lay witness to be admissible on the question of market value of real estate, the witness must not only be familiar with the property in question, but also with the state of the market. Dawson v. City of Lincoln, 176 Neb. 311, 125 N. W. 2d 908; Chudomelka v. Board of Equalization, 187 Neb. 542, 192 N. W. 2d 403. The condemner relies upon a statement made by this court in Schmailzl v. State, 176 Neb. 617, 126 N. W. 2d 821, to the effect that one who has a reasonable familiarity with the property is usually competent to testify. It takes this statement out of context. In that case the testimony of the owner of the property was involved. Of course, the owner may always testify as to its value. In addition, an examination of Wahlgren v. Loup River P. P. Dist., 139 Neb. 489, 297 N. W. 833, cited as authority in Schmailzl v. State,

*supra,* indicates that the lay witnesses in that case showed familiarity with the state of the market as well as familiarity with the tract.

The condemner offered in evidence a graph purporting to illustrate that the per acre value of tracts increase or decrease inversely to their size. The trial court upon objection excluded the graph. The condemner's expert was permitted to testify without objection as to his general conclusions on the relationship of size of tract to price as well as to give in detail all such information as it pertained to the sales of comparable tracts upon which his opinion of value of the condemned tract was founded. Many of these comparable sales were included in the graph. We find no prejudicial error in the exclusion of the graph. It was largely redundant of the oral testimony. If the court's ruling was error, it was harmless. We will not predicate prejudicial error on the exclusion of redundant testimony of a particular witness.

The condemner assigns as error the refusal of the court to give its requested instruction No. 1. The substance of the instruction was to set forth section 39-1329, R. R. S. 1943, and advise the jury that no damages could be assessed on account of the fact that the owner would have no access from her two remaining tracts to the portion of the interstate highway constructed on the acquired tract. The court in instructions Nos. 8 and 9 properly defined the elements and measure of damages. Those instructions impliedly exclude the irrelevant items addressed by the requested instruction. It is not error to refuse a properly requested instruction where the subject matter is properly covered in instructions which are given. Eden v. Klaas, 166 Neb. 354, 89 N. W. 2d 74.

AFFIRMED.