KENNETH MOREHEAD, HOLDER OF INTEREST, ET AL., APPELLEES, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT.

236 N. W. 2d 623

Filed December 18, 1975. No. 39995.

Paul L. Douglas, Attorney General, Warren D. Lichty, Jr., and Royce N. Harper, for appellant.

Christensen & Glynn and Thomas J. Gist, for appellees.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and BRODKEY, JJ., and TESAR, District Judge.

BOSLAUGH, J.

This is an appeal in a proceeding in eminent domain. On January 26, 1973, the State of Nebraska condemned 7.5 acres of land in Richardson County, Nebraska, for highway purposes which was part of a 52.35-acre tract owned by the plaintiffs.

The appraisers appointed by the county judge fixed the damages at $31,450. Both parties appealed to the District Court where the jury returned a verdict in the amount of $49,750. The State has appealed to this court.

The plaintiffs' land which is situated just north of Falls City, Nebraska, was adjacent to U.S. Highway No. 73 on the west. A county road known as the airport road runs along the north line of the property. The 7.5 acres condemned is a strip approximately 150 feet in width running northwest to southeast through the property and is the right-of-way for relocated Highway No. 73. The remainder consists of two irregular tracts, each of which is a little over 22 acres. Old Highway No. 73, along the west edge of the plaintiffs' land, remains open as a road or street but is not a state highway.

The new highway is a controlled access facility with no access from the plaintiffs' land except a 40-foot

driveway at the south property line. The principal controversy is whether the plaintiffs were entitled to recover damages because they have no right of access to the new highway other than the driveway located at the south edge of the property. The issue is raised in several ways but primarily through the State's objection to instruction No. 8.

Instruction No. 8 advised the jury that in determining the reduction in value of the remainder the jury could consider whether the plaintiffs had been denied "their right of reasonable access to and from the remainders and the abutting 7.50 acre tract." The State contends the instruction was erroneous because the plaintiffs had no right of access to the 7.5-acre tract which is the new highway.

Section 39-1329, R. R. S. 1943, provides: "The right of reasonable convenient egress and ingress from lands or lots, abutting on an existing highway, street, or road, may not be denied except with the consent of the owners of such lands or lots, or with the condemnation of such right of access to and from such abutting lands or lots. If the construction or reconstruction of any highway, to be paid for in whole or in part with federal or state highway funds, results in the abutment of property on such highway that did not theretofore have direct egress and ingress to it, no rights of direct access shall accrue because of such abutment, but the department may prescribe and define the location of the privilege of access if any, of properties that then, but not theretofore, abut on such highway."

The State contends that the new highway constructed upon the right-of-way through the center of the plaintiff's property was not "an existing highway" and is a highway to which the plaintiffs "did not theretofore have direct egress and ingress." The plaintiffs contend that since their property abutted upon old Highway No. 73 and also abuts upon new Highway No. 73, the construction or reconstruction of the highway did not re-

sult "in the abutment of property on such highway that did not theretofore have direct egress and ingress to it."

The statute distinguishes between access to existing highways and access to constructed or reconstructed highways. The right of access to existing highways may not be taken without compensation. This is because the right of direct access to an existing street or highway is a property right of which an abutting owner cannot be deprived without due process of law and compensation for his loss. Balog v. State, 177 Neb. 826, 131 N. W. 2d 402.

There is no right of direct access, however, to a highway constructed upon a new right-of-way where no highway previously existed if the new highway is designated as a controlled access facility from the beginning. No right of direct access ever accrues to such a highway. An abutting landowner has no right to compensation for denial of access to the new highway because the right never existed. The question has not been squarely decided by this court before, but in Frank v. State, 176 Neb. 759, 127 N. W. 2d 300, we noted the landowner acquired no new access rights with the construction of a new highway.

The question has been decided in a number of other states. In D'Arago v. State Roads Commission, 228 Md. 490, 180 A. 2d 488, the rule was stated as follows: "It has, however, frequently been held that there is no right to consequential damages to the land not taken for lack of access to a new limited-access highway built where no road existed before. The reasoning is simple. At the time of the taking, there is no easement of access to the new road inuring to the benefit of the abutting land not taken. No existing right has been taken. And, of course, none will accrue in the future because, when the new road is declared to be one of limited-access, no easement of access by implication can arise in the face of that contrary declaration." See, also, Lehman v. Iowa State Highway Commission, 251 Iowa 77, 99 N. W.

2d 404; Carazalla v. State, on rehearing, 269 Wis. 608a, 71 N. W. 2d 276; Riddle v. State Highway Commission, 184 Kan. 603, 339 P. 2d 301; State v. Burk, 200 Ore. 211, 265 P. 2d 783; Schnider v. State, 38 Cal. 2d 439, 241 P. 2d 1; Winn v. United States, 272 F. 2d 282; Department of Transportation v. Hardin, 231 Ga. 359, 201 S. E. 2d 441; State v. Calkins, 50 Wash. 2d 716, 314 P. 2d 449; State ex rel. Morrison v. Thelberg, 87 Ariz. 318, 350 P. 2d 988; State ex rel. State Highway Commission v. Clevenger, 365 Mo. 970, 291 S. W. 2d 57; 3 Nichols on Eminent Domain (3d Ed. Rev.), § 10.2211(4), p. 393; 39 Am. Jur. 2d, Highways, Streets, and Bridges, § 180, p. 557; 26 Am. Jur. 2d, Eminent Domain, § 203, p. 886; 3 Stan. L. Rev. 298; Annotation, 43 A. L. R. 2d 1072.

Instruction No. 8 allowed the jury to consider whether the plaintiffs had been denied their right of access to the highway constructed upon the new right-of-way. The instruction was erroneous and prejudicial because the plaintiffs had no right of direct access to the new highway.

The plaintiffs' contention that a landowner has a right of access to a particular highway, designated by number or otherwise, even when relocated, is without merit. Renumbering or rerouting of highways has nothing to do with rights of access. A vested right of direct access has its origin in the fact of abutment upon an existing highway without regard to its designation or number. The fact that the highway constructed upon the new right-of-way is now U.S. Highway No. 73 creates no right of access that would not otherwise exist.

The plaintiffs are entitled to any damages that may result from the fact the remainder lying east of the new highway is now deprived of access to the old highway which is adjacent to the west line of the property. While this may be due, at least in part, to the fact that the new highway is a controlled access facility, it is a part of severance damage and not damage for denial of access to the new highway.

The State also complains of the trial court's refusal to instruct the jury concerning special benefits. The jury was instructed as a matter of law that no amount was to be deducted from the just compensation to which the plaintiffs were entitled because the only benefits which accrued to the remaining property were those shared by the public in general.

General benefits are those which arise from the fulfillment of the public object which justified the taking. Special benefits are those which arise from the particular relation of the land in question to the public improvement. Backer v. City of Sidney, on rehearing, 166 Neb. 492, 89 N. W. 2d 592.

The State's contention here was that the plaintiffs' property received a special benefit because the new highway intersects with the airport road which results in part of the remainder lying east of the new road being located upon an intersection. We think the trial court was correct in determining this was not a special benefit.

The State, however, was entitled to show any increase in value to the remainder that may have resulted from the project. If the effect of the taking is to increase the value of the remainder, or some of it, or not diminish the value at all, the condemner is entitled to introduce valuation testimony from which these inferences may be drawn. Frank v. State, *supra.*

The State further contends that an expert witness called by the State should have been permitted to use the sale of the subject property to the plaintiffs as a comparable sale. The sale took place on May 28, 1969, approximately 3½ years before the date of the taking, but the witness testified he had made adjustments for the changes that had taken place in the interval.

The trial court has a wide discretion in determining whether evidence of a particular sale may be admitted. Thacker v. State, 193 Neb. 817, 229 N. W. 2d 197. Here there was evidence of considerable development since

the time of the sale and some doubt as to whether the price paid had fairly represented the market value of the land at that time. The ruling made was not an abuse of discretion.

For the reasons stated, the judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.